**Exhibit A**

**Exhibit A**

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------x
In re:

      **FOREIGN ECONOMIC**                                           Chapter 15
      **INDUSTRIAL BANK LIMITED,**
      **"VNESHPROMBANK" LTD.**,                      Case No. 16-13534 ( )

                    Debtor in a Foreign Proceeding.
-----------------------------------------------------------------x

**ORDER GRANTING RECOGNITION AND RELIEF IN AID OF A FOREIGN
MAIN PROCEEDING PURSUANT TO 11 U.S.C. §§ 105(a), 1517, 1520 AND 1521**

Upon a hearing having been held before this Court on _____, 2016 (the "Hearing") to consider the *Verified Petition Under Chapter 15 for Recognition of a Foreign Main Proceeding* and the *Official Form 401- Chapter 15 Petition for Recognition of a Foreign Proceeding* (collectively, the "Petition")[1] (i) commencing this chapter 15 case and (ii) seeking recognition of the Russian Insolvency Proceeding commenced against Foreign Economic Industrial Bank Limited, "Vneshprombank" Ltd. (the "Bank") under Federal Law № 127-FZ "On Insolvency (Bankruptcy)" (the "Russian Bankruptcy Law") as a "foreign main proceeding" under chapter 15 of the Bankruptcy Code; and the Court having considered and reviewed all pleadings, exhibits, declarations and other documents filed in connection with and in support of the Petition (collectively the "Supporting Documents") submitted by the State Corporation "Deposit Insurance Agency", the foreign representative of the Bank in the Russian Insolvency Proceeding (the "Foreign Representative"); and it appearing that due and timely notice of the filing of the Petition and the Hearing has been given by Foreign Representative consistent with

---

[1]     Capitalized terms not otherwise defined herein shall have the meaning ascribed to them in the Petition.

1

this Court's previous Order scheduling a hearing on the Petition, dated _____, 2016; and such notice appearing to be adequate for all purposes such that no other or further notice thereof need be given; and this Court having reviewed and considered any objection or other response; and all interested parties having had due and proper notice and an opportunity to be heard; and the Court having heard argument by counsel appearing at the Hearing; and after due deliberation and sufficient cause appearing therefore, the Court makes the following findings of fact and conclusions of law:

    A.    Pursuant to 11 U.S.C. § 1514, appropriate and timely notice of the filing of the Petition and the Hearing was given by Foreign Representative, and such notice is sufficient for all purposes, and no other or further notice is necessary or required.

    B.    All interested parties had an opportunity to be heard at the Hearing.

    C.    Any objection or other responses that have not been withdrawn or otherwise resolved are hereby overruled.

    D.    This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334, and 11 U.S.C. §§ 109 and 1501.

    E.    Venue of this proceeding is proper in this judicial district pursuant to 28 U.S.C. § 1410.

    F.    This is a core proceeding under 28 U.S.C. §§ 157(b)(2)(P).

    G.    Foreign Representative has satisfied the requirements of 11 U.S.C. § 1515 and Fed. R. Bank. P. 1007(a)(4) and demonstrated that:

        (i)    the Bank is subject to a pending foreign proceeding within the meaning of 11 U.S.C. § 101(23);

(ii)   the Russian Insolvency Proceeding is pending in Moscow, Russia, where the Bank's center of main interests is located, and, accordingly, the Russian Insolvency Proceeding is a "foreign main proceeding" pursuant to 11 U.S.C. §1502(4) and is entitled to recognition as a foreign main proceeding pursuant to 11 U.S.C. §1517(b)(1);

(iii)  Foreign Representative is the foreign representative of the Bank within the meaning of 11 U.S.C § 101(24);

(iv)   the chapter 15 case was properly commenced pursuant to 11 U.S.C. §§ 1504 and 1515;

(v)    the Petition satisfies the requirements of 11 U.S.C. § 1515 and Foreign Representative is entitled to all relief provided pursuant to 11 U.S.C. §§ 1507, 1520, and 1521, without limitation, and as ordered by this Court;

(vi)   the relief granted hereby is necessary and appropriate and in the interests of public and international comity, consistent with the public policy of the United States, warranted pursuant to 11 U.S.C. §§ 1507, 1517, 1520 and 1521; and

(vii)  the interest of the public will be served by this Court's granting the relief requested by Foreign Representative.

**NOW, THEREFORE, IT IS HEREBY:**

**ORDERED**, that the Russian Insolvency Proceeding is granted recognition pursuant to 11 U.S.C. §§ 1517(a) and 1517(b)(1); and it is further

**ORDERED**, that all relief afforded to a foreign main proceeding pursuant to 11 U.S.C. §§ 1507 and 1520 is granted; and it is further

3

**ORDERED**, that the orders entered by the court in Russia, including, without limitation, the Commencement Order, are recognized by this Court and applicable to the Bank's creditors located in the territorial jurisdiction of the United States; and it is further

**ORDERED**, that 11 U.S.C. §§ 361 and 362 apply with respect to the Bank and the property of the Bank that is currently within, or may be brought in, the territorial jurisdiction of the United States (the "Assets"); and it is further

**ORDERED**, that consistent with 11 U.S.C. § 1520(a)(1) all persons and entities are hereby enjoined from:

(i)   executing against any Assets;

(ii)  commencing or continuing any litigation or any actions to undertake the enforcement in the United States of any legal proceeding (including, without limitation arbitration, or any judicial, quasi-judicial, administrative or regulatory action, assessment, proceeding or process or any actions related thereto including discovery) ("Actions"), including without limitation, the Action *styled Panabroker Protecting Indemnity Association v. Vneshprombank, LM Realty 31B, lm Realty 27D, LLC, LM Realty 24C, LLC, LM Realty 23H, LLC, LM Realty 20A, LLC, LM Realty 18 West, LLC, LM Realty 10C, (f/k/a One Riverside Park Realty, LLC), LM Property Management LLC*, Case No. 16-02120 (ALC), pending in the United States District Court for the Southern District of New York and any Action identified in the Foreign Representative's lists pursuant to Bankruptcy Rule 1007(a)(4) ("Lists"), or taking any other Actions against or involving Foreign Representative (in Foreign Representative's capacity as foreign

4

representative of the Bank) and any Assets or any rights, obligations or liabilities of the Bank;

(iii) securing or enforcing any judicial, quasi-judicial, administrative or regulatory judgment, assessment, attachment, order or arbitration award against the Bank or Foreign Representative (with respect to the Bank), or any Assets;

(iv) commencing or continuing any Action to create, perfect or enforce any lien, setoff, attachment, or other claim against the Bank, Foreign Representative (with respect to the Bank), or any of the Assets;

(v) continuing any Action or commencing any additional Action, including discovery, involving the Bank, its Assets, or Foreign Representative (with respect to the Bank); or

(vi) enforcing any judicial, quasi-judicial, administrative or regulatory judgment, assessment or order or arbitration award against the Bank or its Assets;

and it is further;

**ORDERED**, that the Foreign Representative is:

(i) authorized to continue or commence actions in the federal or state courts of the United States;

(ii) authorized, pursuant to section 1521(a)(4), to issue subpoenas *duces tucem* and *ad testificadum* to parties in the United States; (i) related to, affiliated with, owned, or controlled by Ms. Markus, including the NY LLCs, or (ii) such other parties as the DIA reasonably believes might possess knowledge concerning the Assets, affairs, rights, obligations or liabilities of the Bank; and

5

    (iii)    entrusted with the administration or realization of all or part of the Assets of the Bank within the territorial jurisdiction of the United States; and it is further

**ORDERED**, that any further orders of the Russian Insolvency Court, including, without limitation, the Commencement Order and any other orders relating to the administration of claims and interests in the Bank and its Assets shall be recognized; and it is further

**ORDERED**, that this Order shall be served upon all known parties in interest (or their counsel) as identified in the Bank's Lists filed in connection with the Petition, by electronic mail or by facsimile transmission, or by courier or in the event service by electronic mail or facsimile cannot be accomplished, then by either United States mail, first class postage prepaid or overnight delivery service; and upon any other interested party that becomes known to Foreign Representative at such time as they are sufficiently identified, by United States mail, first class postage prepaid or by courier or by email within five (5) business days following the time any such party is identified by Foreign Representative; and it is further

**ORDERED**, that service in accordance with this Order shall constitute adequate and sufficient service and notice; and it is further

**ORDERED**, that Petitioner shall, unless otherwise ordered by this Court, retain the right at any point to seek further relief from this Court that may be necessary to implement the Russian Insolvency Proceeding and/or to effectuate the purposes of chapter 15.

Dated: New York, New York
           , 2017

                                                                                             _____
                                                                                       United States Bankruptcy Judge