# **Exhibit B**





# THE MOSCOW ARBITRATION COURT

115191, Moscow, Bolshaya Tulskaya st., 17
http://www.msk.arbitr.ru
IN THE NAME OF THE RUSSIAN FEDERATION
DECISION

Moscow                                                    Case number A40-17434/16-71-31 B
14 March, 2016
The operative part of the decision announced on 11 March, 2016.
The full decision was issued on 14 March, 2016.

The Moscow Arbitration Court:
Presiding Judge L. A. Kravchuk,
Protocol recorded by court clerk K. E. Garipova,
having considered the case at the request of the Central Bank of the Russian Federation represented by the Administration of the Bank of Russia for the Central Federal District (INN 7702235133, OGRN 1037700013020, Moscow) to recognize the debtor: Credit organization Foreign Economic Industrial Bank (Limited Liability Company) (Vneshprombank LLC), INN 7705038550, OGRN 1027700514049, location: 119991, Moscow, Komsomolsky av., 42, building 1) insolvent (bankrupt)

Present at the court hearing:
for the petitioner, the Central Bank of the Russian Federation represented by the Administration of the Bank of Russia for the Central Federal District – representatives N. A. Davydova (passport, notarized power of attorney 77 AB 7262855 of 05.10.2015), V. E. Shmelev (passport, notarized power of attorney 77AB 7262873 of 05.10.2015),
for the debtor – the head of the temporary trustee of Vneshprombank LLC G. A. Aleksentseva (passport, order of Central Bank of Russia No. OD-3658 of 18.12.2015), representative D. G. Dmitriev (passport, power of attorney No. 19-VA of 22.01.2016),
for the State Corporation Deposit Insurance Agency – representative N. V. Bobrova (passport, power of attorney No. 1673 of 18.12.2015).

## FINDINGS

Order of the Bank of Russia of 18.12.2015, No. OD-3658 designated a temporary trustee of Vneshprombank LLC starting from 18 December, 2015.
Order of the Bank of Russia of 21.01.2016, No. OD-141 revoked the license of Vneshprombank LLC for banking operations starting from 21 January, 2016.
Order of the Bank of Russia of 21.01.2016, OD-142 modified functions and terms of the temporary trustee of Vneshprombank LLC and suspended the powers of managing bodies of Vneshprombank LLC.
On 01.02.2016 (as per the stamp of the court chancellery), a petition was filed to the Moscow Arbitration Court by the Central Bank of the Russian Federation represented by the Administration of the Bank of Russia for the Central Federal District (INN 7702235133 OGRN 1037700013020, Moscow) to recognize the debtor, Vneshprombank LLC (INN 7705038550, OGRN 1027700514049), to be insolvent (bankrupt).

In accordance with the Decision of the Moscow Arbitration Court of 8 February, 2016, the petition of the Central Bank of the Russian Federation represented by the Administration of the Bank of Russia for the Central Federal District (INN 7702235133 OGRN 1037700013020, Moscow) to recognize the debtor Vneshprombank LLC (INN 7705038550, OGRN 1027700514049) insolvent (bankrupt) was accepted, and the proceedings were initiated as the case number A40-17434/16-71-31 B.

The case was to be considered on the merits.

At the court hearing, the representatives of the Bank of Russia supported the petition requirements in full and explained that the Bank of Russia's Order of 18.12.2016 OD-3658 appointed a temporary trustee of Vneshprombank LLC starting from 18 December, 2015, and the Order of the Central Bank of Russia No. OD-141, dated 21 January 2016, revoked the banking license of the credit organization Foreign Economic Industrial Bank; they said that during the last year of its activities the Bank repeatedly violated the Federal Laws regulating the banking activities, regulations of the Bank of Russia, requirements of the Federal Law "On violations concerning the legalization (laundering) of criminally obtained incomes and financing terrorism" and regulations of the Bank of Russia related to insufficient capitalization, below two percent, and a significant reduction in its funds below the minimum capital specified at the date of registration of the credit organization; they also informed that according to the evaluation of the Bank's assets and liabilities in the reporting documents as of 21.01.2016, the amount of liabilities exceeded the value of assets by 210,114,624 thousand rubles, and requested to declare Vneshprombank LLC insolvent (bankrupt), initiate the bankruptcy proceedings and appoint the State Corporation Deposit Insurance Agency as the Bankruptcy Trustee.

The head of the temporary trustee of Vneshprombank LLC was present at the court hearings and stated that the requirements of the Regulator were reasonable and subject to satisfaction, submitting a written response indicating that the temporary trustee determined that as of the date of revocation of the license of Vneshprombank LLC the unpaid amounts recorded on off-balance account No. 90904 "Overdue amounts because of insufficient funds at the correspondent account of the credit organization", was 20,646,980,576 rubles 20 kopecks, and that the total amount of assets totaled 40,430,900 thousand rubles, which was insufficient to meet the liabilities of the credit organization in the amount of 250,545,524 thousand rubles. The amount of funds lacking to cover liabilities amounted to 210,114,624 thousand rubles. Therefore, as of 21.01.2016, Vneshprombank LLC had a lack of assets (property) to pay to their creditors in the total amount of 114 210 624 thousand rubles, which supported the insolvency (bankruptcy) claim of the credit organization.

During the temporary administration, 1,753 creditors filed claims against Vneshprombank LLC in the creditor's claim registry, including 120 claims totaling 40,509,644,725 rubles 59 kopecks.

The representative of the State Corporation Deposit Insurance Agency confirmed the readiness of the Agency to exercise its powers as the Bankruptcy Trustee of the debtor.

Having heard the arguments of those participating in the case, studied the case materials and evaluated the evidence in its totality, the Court granted the insolvency (bankruptcy) petition of the debtor on the following grounds.

In accordance with article 180 of the Federal Law "On insolvency (bankruptcy)" dated 30.12.2008, No. 306-FZ, this Federal Law applies to the relationships involved in the bankruptcy of financial organizations taking account of the peculiarities established in the federal law on insolvency (bankruptcy) of financial organizations.

According to article 181 of this Law, the grounds for declaring a credit organization bankrupt shall be determined by the Federal Law on insolvency (bankruptcy) of credit organizations.

According to article 189.8 of the Federal Law "On insolvency (bankruptcy)", a credit organization is considered to be unable to satisfy creditors' monetary obligations, payment of benefits and/or payment of employees, contractors past and present, and/or to satisfy mandatory payments, if these obligations are not satisfied within fourteen days from the payment term and/or the value of the property (assets) of the credit organization is insufficient to satisfy its obligations to creditors and/or duty to make mandatory payments (as amended by the Federal Law dated 29.06.2015 N 186-FZ).

For purposes of this paragraph, the obligation of a credit organization to make mandatory payments is defined as the obligation of the credit organization as an independent taxpayer to make payments into the corresponding budgets as defined under this Federal Law, and the obligation of the credit organization to fulfill the decrees (orders) to make required payments from their client accounts to the corresponding budgets.

According to paragraph 1 of article 189.64 of the Federal Law of the Russian Federation "On insolvency (bankruptcy)", the bankruptcy petition regarding a credit organization may be made the Arbitration Court and the bankruptcy proceedings may be initiated only after the license of the credit organization to conduct operations is revoked based on the statements from individuals referred to in paragraph 1 of article 189.61, and only if the sum of the claims against the credit organization exceeds thousand times the minimum wage set by Federal Law and these requirements are not performed within fourteen days after the payment term or, after the license of the credit organization to conduct banking operations is revoked, the cost of property (assets) is insufficient to fulfill the obligations of the credit organization to its creditors and mandatory payments. The value of the property (assets) and liabilities of the credit organization is determined based on the methods established by regulations of the Bank of Russia.

Based on the case materials, the Order of the Bank of Russia dated 18.12.2015 No. OD-3658 appointed a temporary trustee of the credit organization Foreign Economic Industrial Bank (Limited Liability Company) (Vneshprombank LLC) for six months, suspending the powers of managing bodies of the credit organization Foreign Economic Industrial Bank (Limited Liability Company).

The Order of the Bank of Russia dated 21.12.2015 OD-3683 set a moratorium, starting from 22 December, 2015, to satisfy requests of the creditors of the Foreign Economic Industrial Bank (Limited Liability Company) for three months.

The Order of the Bank of Russia dated 21.01.2016 OD-141, on the ground of the violation by the credit organization Foreign Economic Industrial Bank (Limited Liability Company) of the Federal Laws regulating the Bank's activity and regulations of the Bank of Russia, cancelled the license for banking operations of the Foreign Economic Industrial Bank (Limited Liability Company) from 21 January, 2016 on.

The Order of the Bank of Russia dated 21.01.2016 OD-142 changed the functions and term of the temporary trustee of the credit organization Foreign Economic Industrial Bank (Limited Liability Company) (hereinafter referred to as "the temporary trustee"). The Bank of Russia has determined that the temporary trustee should perform the functions stipulated by the Federal Law "On insolvency (bankruptcy)", the Federal Law "On banks and banking activity" and related regulations of the Bank of Russia.

4

According to the case materials, Vneshprombank LLC has 27 branches, 43 subsidiary offices, 24 operational offices and 1 operational cash desk. It has accounts at 12 resident banks and 8 non-resident banks. The bank has no subsidiaries. As of 21.01.2016, there are 1,533 employees.

As of 21.01.2016, the amount of unpaid accounting documents recorded on the off-balance account No. 90904 "Overdue orders because of insufficient funds at the correspondent account of the credit organization" totaled 20,646,576,980 rubles 20 kopecks. In cases where the duration of filing did not exceed 14 days, executive documents on property claims and other collection documents with uncontested recovery are absent. The temporary trustee received replies to queries from state registration bodies concerning the registered property owned by Vneshprombank LLC.

With regards to filings of claims by the creditors on Vneshprombank LLC, the temporary trustee published in the Bank of Russia Bulletin and the Kommersant newspaper information on the credit organization and its address. Besides, the newspaper Kommersant published information on the decision made by the Moscow Arbitration Court on 08.02.2016 to accept the claim to recognize the credit organization Vneshprombank LLC as insolvent (bankrupt) for consideration and that the proceedings were initiated under the case number A40-17434/16-71-31 B.

According to the report of the temporary trustee, 1,753 creditor claims were filed against the credit organization, having a total value of 583,961,183.37$, 6,545,926.34 euros, 69,999,975 francs and 62 933,536,181.04 rubles in the creditor registry of Vneshprombank LLC, including 120 claims for the total amount of 40,509,644,725.59 rubles.

The temporary trustee, in accordance with articles 189.31 and 189.32 of the Federal law "On insolvency (bankruptcy)" and regulation of the Bank of Russia dated 09.11.2005 No. 279-P "On temporary trustees to administer credit organizations", conducted a financial survey within the limits of its competence as of the license revocation date (21.01.2016). These data suggested the insolvency (bankruptcy) of Vneshprombank LLC, as provided for by paragraph 1 article 189.8 Federal Law "On insolvency (bankruptcy)", as the value of property (assets) of the credit organization was insufficient to meet its obligations against creditors.

The results of the inspection of Vneshprombank LLC were summarized by the temporary trustee to include the value of property (assets) and liabilities in the aggregated form with the use of the structure reflecting the property (assets) and obligations under the reporting form 0409806 "balance sheet (published form)".

| S/n | Article | Survey data as of the reporting date |
|---|---|---|
| I | **ASSETS** | |
| 1 | Cash Funds | 2 760 313 |
| 2 | Money in credit organizations of the Central Bank of the Russian Federation | 3 935 829 |
| 2.1 | Mandatory reserves | 3 264 578 |
| 3 | Funds in credit organizations | 2 999 587 |
| 4 | Fair market value of financial assets estimated with profit or loss | 1396 |
| 5 | Net loans receivable | 20 693 016 |
| 6 | Net investments in securities and other financial assets available for-sale | 4 122 PO |
| 8 | Current income tax due | 278 583 |

| 9 | Deferred tax assets | 294 774 |
|---|---|---|
| 10 | Fixed assets, intangible assets and material reserves | 525 759 |
| 11 | Other assets | 4 819 533 |
| **12** | **Total assets** | **40 430 900** |
| **II** | **LIABILITIES** | |
| 14 | Funds of credit organizations | 3 952 787 |
| 15 | Funds of non-credit organizations | 193 816 355 |
| 15.1 | Deposits of individuals | 48 489 588 |
| 17 | Debt securities issued | 20 796 610 |
| 19 | Deferred tax liability | 374 501 |
| 20 | Other liabilities | 30 638 904 |
| 21 | Reserves for possible losses on conditional credit liabilities, other possible losses and on operations with residents of offshore zones | 966 367 |
| 22 | Total liabilities | **250 545 524** |

    The report of the temporary trustee indicates that according to the accounting audit data of Vneshprombank LLC reflected in the account balance sheets of the credit organization as of the date when the license of Vneshprombank LLC was revoked, the total volume of assets totaled 40,430,900 thousand rubles, which is insufficient to meet the liabilities specified in the balance sheet in the amount of 250,545,524 thousand rubles, the funds lacking to cover liabilities amount to 210,114,624 thousand rubles.

    Accordingly, as of 21.01.2016, Vneshprombank LLC had insufficient assets (property) to meet the current creditor obligations in the amount of 210,114,624 thousand rubles, which suggests the credit organization's insolvency (bankruptcy) as stipulated by article 189.8 of the Federal Law "On insolvency (bankruptcy)".

    Considering the above, the credit organization Foreign Economic Industrial Bank (LLC) shall be recognized insolvent (bankrupt), and the bankruptcy proceedings shall be initiated.

    The debtor, Foreign Economic Industrial Bank (LLC) was the holder of license No. 3261 dated 19.07.2001 to conduct banking operations for taking individual deposits.

    According to clause 2, article 189.68 FZ "On insolvency (bankruptcy)", the bankruptcy trustee for the credit organizations which had a license from the Bank of Russia to conduct banking operations for taking individual deposits shall be the State Corporation Deposit Insurance Agency.

    Based on article 180, article 189.8, article 189.64, of Federal law dated 26.10.2002 No. 127-FZ (as amended on 29.12.2015) "On insolvency (bankruptcy)" (with changes and additions), in force since 01.01.2016), Federal Law "On banks and banking activities" dated 02.12.1990 No. 395-1, as well as articles 64-66, 71, 75, 167-170, 223 of the Code of Arbitration Procedure of the Russian Federation, Moscow Arbitration Court made the following

**DECISION**:

    Declare the credit organization Foreign Economic Industrial Bank (Limited Liability Company) (Vneshprombank LLC) Vneshprombank, INN 7705038550, OGRN 1027700514049, location: 119991, Moscow, Komsomolsky av. 42, building 1) insolvent (bankrupt).

    Open the bankruptcy proceedings for one year against the credit organization Foreign economic industrial Bank Limited Liability Company.

6

Assign responsibilities of the bankruptcy trustee for Vneshprombank LLC to the State Corporation Deposit Insurance Agency.

Terminate the powers of director of the credit organization, temporary trustee and other managing bodies of the credit organizations, with the exception of the powers of the managing bodies participating in the negotiations concerning agreements on the terms for the provision of funds by third parties to fulfill the obligations of the credit organization.

Require that the head of the credit organization, the temporary trustee and other managing bodies of the debtor, within 3 (three) days from the date the State Corporation Deposit Insurance Agency is appointed to be the bankruptcy trustee, provide the bankruptcy trustee with the financial, economic, accounting and other documentation of the debtor, seals and stamps, valuables and other assets. Acceptance and delivery reports shall be submitted to the Court.

From the date when Vneshprombank LLC is declared insolvent (bankrupt) and the bankruptcy proceedings are initiated, the consequences described in the Law "On banks and banking activities" and article 189.76 of Federal Law "On insolvency (bankruptcy)" shall arise.

Cancel the enforcement orders concerning foreclosure on the property of the credit organization, except for the documents for the collection of debts on current liabilities of the credit organization. The cancelled documents shall be transferred by bailiffs, as well as enforcement agencies and organizations to the bankruptcy trustee.

Cancel the previous seizures of the debtor's property and other restrictions on the disposition of the debtor's property. New seizures on the property of the credit organization and other restrictions on the disposition of its assets are not permitted.

The bankruptcy trustee of the State Corporation Deposit Insurance Agency shall observe the requirements of articles 28, 128, 189.74 of the Federal Law "On insolvency (bankruptcy)" and publish information on the insolvency (bankruptcy) of Vneshprombank LLC and initiation of the bankruptcy proceedings. The proof of publication shall be submitted to the Court.

By 11 March, 2017, the bankruptcy trustee shall provide a report on the bankruptcy proceedings with confirming documents attached to the report.

Recover from the credit organization Foreign Economic Industrial Bank Limited Liability Company (Vneshprombank LLC, INN 7705038550, OGRN 1027700514049, location: 119991, Moscow, Komsomolsky av. 42, building 1) the state fee to the Federal budget of the Russian Federation in the amount of 6,000 (six thousand) rubles.

The decision shall have immediate effect. The decision may be appealed in the Ninth Arbitration Appeal Court within one month from the date of issuance.

Presiding judge                                                                                                         L. A. Kravchuk

900001274_12416873



# АРБИТРАЖНЫЙ СУД ГОРОДА МОСКВЫ

115191, г.Москва, ул. Большая Тульская, д. 17
http://www.msk.arbitr.ru

ИМЕНЕМ РОССИЙСКОЙ ФЕДЕРАЦИИ
Р Е Ш Е Н И Е

г. Москва                                                                                    Дело № А40-17434/16-71-31 Б
14 марта 2016 г.

Резолютивная часть решения объявлена 11 марта 2016 года.
Решение в полном объеме изготовлено  14 марта 2016 года.

Арбитражный суд города Москвы в составе:
председательствующего судьи Кравчук Л.А.,
при ведении протокола секретарем судебного заседания Гариповой К.Е.
рассмотрев дело по заявлению Центрального банка РФ в лице ГУ Банка России по Центральному Федеральному округу (ИНН 7702235133, ОГРН 1037700013020, Москва)
о признании должника: Кредитная организация Внешнеэкономический промышленный банк (Общество с ограниченной ответственностью) (сокращенное наименование - ООО «ВНЕШПРОМБАНК», ИНН 7705038550, ОГРН 1027700514049, местонахождение: 119991, Москва, Комсомольский проспект, дом 42, строение 1)
несостоятельным (банкротом)

при участии в судебном заседании:
от заявителя Центрального банка РФ в лице ГУ Банка России по ЦФО – представители Давыдова Н.А. (паспорт, нотариальная доверенность 77 АБ 7262855 от 05.10.2015года), Шмелев В.Е. (паспорт, нотариальная доверенность 77АБ 7262873 от 05.10.2015года),
от должника – руководитель временной администрации ООО «ВНЕШПРОМБАНК» Алексенцева Г.А. (паспорт, приказ ЦБ РФ № ОД-3658 от 18.12.2015года), представитель Дмитриев Д.Г (паспорт, доверенность № 19-ВА от 22.01.2016года),
от ГК «Агентство по страхованию вкладов» - представитель Боброва Н.В. (паспорт, доверенность № 1673 от 18.12.2015года)

## УСТАНОВИЛ:

Приказом Банка России от 18.12.2015 г. № ОД-3658  назначена временная администрация по управлению ООО «Внешпромбанк» с 18 декабря 2015 г.
Приказом Банка России от 21.01.2016 г. № ОД-141 у ООО «Внешпромбанк» отозвана лицензия на осуществление банковских операций с 21 января 2016 г.
Приказом Банка России от 21.01.2016 г. № ОД-142 у временной администрации ООО «Внешпромбанк» изменены функции и срок действия, приостановлены полномочия исполнительных органов ООО «Внешпромбанк».
01.02.2016 года (согласно штампу канцелярии суда) в Арбитражный суд г. Москвы поступило заявление Центрального банка РФ в лице ГУ Банка России по Центральному Федеральному округу (ИНН 7702235133 ОГРН 1037700013020, Москва) о признании должника ООО «Внешпромбанк» (ИНН 7705038550, ОГРН 1027700514049) несостоятельным (банкротом).
Определением Арбитражного суда г. Москвы от 08 февраля 2016 года заявление Центрального банка РФ в лице ГУ Банка России по Центральному Федеральному округу (ИНН 7702235133 ОГРН 1037700013020, Москва) о признании должника ООО

2

«Внешпромбанк» (ИНН 7705038550, ОГРН 1027700514049) несостоятельным (банкротом) принято, возбуждено производство по делу № А40-17434/16-71-31 Б.

В судебном заседании дело подлежало рассмотрению по существу.

В судебном заседании представители Банка России поддержали заявленные требования в полном объеме, пояснили, что Приказом Банка России от 18.12.2016 г. № ОД-3658 назначена временная администрация по управлению ООО «Внешпромбанк» с 18 декабря 2015 г., Приказом Центрального Банка Российской Федерации №ОД-141 от 21 января 2016 года у Кредитной организации Внешнеэкономический промышленный банк была отозвана лицензия на осуществление банковских операций, сообщил, что Банком в течение последнего года своей деятельности неоднократно были нарушены требования, предусмотренные федеральными законами, регулирующими банковскую деятельность, нормативных актов Банка России, требований, предусмотренных ФЗ «О противодействии легализации (отмыванию) доходов, полученных преступным путем, и финансированию терроризма», а также нормативных актов Банка России, связанных с недопустимым значением достаточности собственных средств ниже двух процентов, а также значительным снижением размера собственных средств ниже минимального значения уставного капитала, установленного на дату регистрации кредитной организации, сообщили, что согласно расчета стоимости активов и обязательств Банка по отчетным документам по состоянию на 21.01.2016 года размер обязательств превышает стоимость активов на 210 114 624 тыс. руб., просили признать ООО «ВНЕШПРОМБАНК» несостоятельным (банкротом), ввести в отношении него процедуру конкурсного производства, конкурсным управляющим кредитной организации утвердить Государственную корпорацию «Агентство по страхованию вкладов».

Руководитель временной администрации ООО «Внешпромбанк» в судебное заседание явился, полагает заявленные требования Регулятора обоснованными и подлежащими удовлетворению, в материалы дела представила письменный отзыв, указал, что во время работы временной администрации было установлено, что по состоянию на дату отзыва лицензии у ООО «Внешпромбанк» сумма картотеки неоплаченных расчетно-денежных документов, учитываемых на внебалансовом счете № 90904 «Не исполненные в срок распоряжения из-за недостаточности денежных средств на корреспондентском счете кредитной организации», составляет 20 646 980 576 руб. 20 коп., суммарный объем активов составил 40 430 900 тыс. руб., которых недостаточно для удовлетворения обязательств кредитной организации в размере 250 545 524 тыс. рублей, размер дефицита собственных средств для покрытия обязательств составляет 210 114 624 тыс. руб., таким образом, по состоянию на 21.01.2016 года для удовлетворения имеющихся обязательств перед кредиторами у ООО «ВНЕШПРОМБАНК» имеется недостаток активов (имущества) в объеме 210 114 624 тыс. руб., что подтверждает наличие у кредитной организации признаков несостоятельности (банкротства)

В период работы временной администрации к кредитной организации предъявили требования 1 753 кредиторов, в реестр требований кредиторов ООО «Внешпромбанк» включены 120 требований на общую сумму 40 509 644 725 руб. 59 коп.

Представитель ГК «Агентство по страхованию вкладов» подтвердил готовность Агентства к осуществлению полномочия конкурсного управляющего должника.

Суд, выслушав доводы лиц, участвующих в деле, исследовав материалы дела, оценив доказательства в их совокупности, считает заявление о признании должника несостоятельным (банкротом) подлежащим удовлетворению по следующим основаниям.

В соответствии со ст. 180 ФЗ «О несостоятельности (банкротстве)» от 30.12.2008 г. № 306-ФЗ, к отношениям, связанным с банкротством финансовых организаций, настоящий Федеральный закон применяется с особенностями, установленными федеральным законом о несостоятельности (банкротстве) финансовых организаций.

Согласно ст. 181 указанного закона основания для признания кредитной организации банкротом определяются Федеральным законом о несостоятельности (банкротстве) кредитных организаций.

В соответствии со ст. 189.8. Федерального Закона РФ «О несостоятельности (банкротстве) кредитная организация считается неспособной удовлетворить требования кредиторов по денежным обязательствам, о выплате выходных пособий и (или) об оплате труда лиц, работающих или работавших по трудовому договору, и (или) исполнить обязанность по уплате обязательных платежей, если соответствующие обязанности не исполнены ею в течение четырнадцати дней после наступления даты их исполнения и (или) стоимость имущества (активов) кредитной организации недостаточна для исполнения ее обязательств перед кредиторами и (или) обязанности по уплате обязательных платежей. (в ред. Федерального закона от 29.06.2015 N 186-ФЗ).

В целях настоящего параграфа под обязанностью кредитной организации по уплате обязательных платежей понимается обязанность кредитной организации как самостоятельного налогоплательщика по уплате обязательных платежей в соответствующие бюджеты, которые определены в соответствии с настоящим Федеральным законом, а также обязанность кредитной организации по исполнению поручений (распоряжений) о перечислении со счетов своих клиентов обязательных платежей в соответствующие бюджеты.

В силу ч. 1. ст. 189.64. Федерального Закона РФ «О несостоятельности (банкротстве)» заявление о признании кредитной организации банкротом может быть принято арбитражным судом, а производство по делу о банкротстве может быть возбуждено только после отзыва у кредитной организации лицензии на осуществление банковских операций на основании заявлений лиц, указанных в пункте 1 статьи 189.61 настоящего Федерального закона, если сумма требований к кредитной организации в совокупности составляет не менее тысячекратного размера минимального размера оплаты труда, установленного федеральным законом, и если эти требования не исполнены в течение четырнадцати дней со дня наступления даты их исполнения либо если после отзыва у кредитной организации лицензии на осуществление банковских операций стоимость ее имущества (активов) недостаточна для исполнения обязательств кредитной организации перед ее кредиторами и уплаты обязательных платежей. Стоимость имущества (активов) и обязательств кредитной организации подлежит определению на основании методик, установленных нормативными актами Банка России.

Из материалов дела следует, что Приказом Банка России от 18.12.2015 № ОД-3658 с 18 декабря 2015 года назначена временная администрация по управлению кредитной организацией Внешнеэкономический промышленный банк (Общество с ограниченной ответственностью) (сокращенное наименование - ООО «Внешпромбанк») сроком на шесть месяцев с приостановлением полномочий исполнительных органов управления кредитной организацией Внешнеэкономический промышленный банк (Общество с ограниченной ответственностью).

Приказом Банка России от 21.12.2015 № ОД-3683 с 22 декабря 2015 года введен мораторий на удовлетворение требований кредиторов кредитной организации Внешнеэкономический промышленный банк (Общество с ограниченной ответственностью) на срок три месяца.

Банк России своим Приказом от 21.01.2016 № ОД-141 в связи с неисполнением кредитной организацией Внешнеэкономический промышленный банк (Общество с ограниченной ответственностью) федеральных законов, регулирующих банковскую деятельность, и нормативных актов Банка России, отозвал с 21 января 2016 года лицензию на осуществление банковских операций у кредитной организации Внешнеэкономический промышленный банк (ООО).

Приказом Банка России от 21.01.2016 № ОД-142 изменены функции и срок действия временной администрации по управлению кредитной организацией Внешнеэкономический промышленный банк (ООО) (далее - временная администрация). Банк России установил, что временная администрация осуществляет функции, предусмотренные Федеральным законом «О несостоятельности (банкротстве)»,

4

Федеральным закон законом «О банках и банковской деятельности» и принятыми в соответствии с ними нормативными актами Банка России.

Как следует из материалов дела, ООО «Внешпромбанк» имеет 27 филиалов, 43 дополнительных офиса, 24 операционных офиса и 1 операционную кассу, счета в 12 банках - резидентах и в 8 банках – нерезидентах, дочерних организаций у Банка не имеется, по состоянию на 21.01.2016 штатная численность работников составляет 1 533 работника.

По состоянию на 21.01.2016 сумма картотеки неоплаченных расчетно-денежных документов, учитываемых на внебалансовом счете № 90904 «Не исполненные в срок распоряжения из-за недостаточности денежных средств на корреспондентском счете кредитной организации», составляет 20 646 980 576 руб. 20 коп., где длительность картотеки не превышает 14 дней, исполнительных документов об имущественных взысканиях и иных документов, взыскания по которым производятся в бесспорном порядке не имеется, временной администрацией получены ответы на запросы от государственных регистрирующих органов о зарегистрированном имуществе, находящемся в собственности ООО «Внешпромбанк».

В целях предъявления кредиторами требований к ООО «Внешпромбанк» временной администрацией в «Вестнике Банка России», в газете «Коммерсантъ» были опубликованы сведения о кредитной организации, ее адресах, также в газете «Коммерсантъ» опубликовано сообщение о принятии Арбитражным судом г.Москвы определением от 08.02.2016 года заявления о признании кредитной организации ООО «Внешпромбанк» несостоятельным (банкротом) и возбуждении производства по делу № А40-17434/16-71-31 Б.

Как следует из отчета временной администрации к кредитной организации предъявили требования 1 753 кредитора на общую сумму 583 961 183,37 долларов США, 6 545 926,34 евро, 69 999 975 франков и 62 933 536 181,04 рублей, в реестр требований кредиторов ООО «Внешпромбанк» включены 120 требований на общую сумму 40 509 644 725,59 рублей.

Временной администрацией в соответствии со статьями 189.31, 189.32 Федерального закона «О несостоятельности (банкротстве)» и Положением Банка России от 09.11.2005 № 279-П «О временной администрации по управлению кредитной организацией» в пределах своей компетенции было проведено обследование финансового состояния на дату отзыва лицензии (21.01.2016), согласно данных которого был выявлен признак несостоятельности (банкротства) ООО «Внешпромбанк», предусмотренный п. 1 ст. 189.8 Федерального закона «О несостоятельности (банкротстве)», поскольку стоимость имущества (активов) кредитной организации недостаточна для исполнения ее обязательств перед кредиторами.

Результаты обследования ООО «Внешпромбанк» приведены временной администрацией в виде стоимости имущества (активов) и обязательств в агрегированном виде с использованием структуры отражения имущества (активов) и обязательств, предусмотренной отчетностью по форме 0409806 «Бухгалтерский баланс (публикуемая форма)».

| № п/п | Наименование статьи | данные с учетом обследования на отчетную дату |
|---|---|---|
| I | **АКТИВЫ** | |
| 1 | Денежные средства | 2 760 313 |
| 2 | Средства кредитных организаций в Центральном банке Российской Федерации | 3 935 829 |
| 2,1 | Обязательные резервы | 3 264 578 |
| 3 | Средства в кредитных организациях | 2 999 587 |
| 4 | Финансовые активы, оцениваемые по справедливой стоимости через прибыль или убыток | 1396 |

| 5    | Чистая ссудная задолженность | 20 693 016 |
|------|------------------------------|------------|
| 6    | Чистые вложения в ценные бумаги и другие финансовые активы, имеющиеся в наличии для продажи | 4 122 ПО |
| 8    | Требования по текущему налогу на прибыль | 278 583 |
| 9    | Отложенный налоговый актив | 294 774 |
| 10   | Основные средства, нематериальные активы и материальные запасы | 525 759 |
| 11   | Прочие активы | 4 819 533 |
| 12   | **Всего активов** | **40 430 900** |
| II   | **ПАССИВЫ** | |
| 14   | Средства кредитных организаций | 3 952 787 |
| 15   | Средства клиентов, не являющихся кредитными организациями | 193 816 355 |
| 15.1 | Вклады физических лиц | 48 489 588 |
| 17   | Выпущенные долговые обязательства | 20 796 610 |
| 19   | Отложенное налоговое обязательство | 374 501 |
| 20   | Прочие обязательства | 30 638 904 |
| 21   | Резервы на возможные потери по условным обязательствам кредитного характера, прочим возможным потерям и по операциям с нерезидентами офшорных зон | 966 367 |
| 22   | **Всего обязательств** | **250 545 524** |

Из отчета временной администрации следует, что согласно данным бухгалтерского учета ООО «Внешпромбанк», отраженным в оборотной ведомости по счетам бухгалтерского учета кредитной организации, по состоянию на дату отзыва лицензии у ООО «Внешпромбанк», суммарный объем активов составлял 40 430 900 тыс. руб., которых недостаточно для удовлетворения обязательств кредитной организации, указанных в балансе в размере 250 545 524 тыс. рублей, размер дефицита собственных средств для покрытия обязательств составляет 210 114 624 тыс. руб.

Таким образом, по состоянию на 21.01.2016 года для удовлетворения имеющихся обязательств перед кредиторами у ООО «ВНЕШПРОМБАНК» имеется недостаток активов (имущества) в объеме 210 114 624 тыс. руб., что подтверждает наличие у кредитной организации признаков несостоятельности (банкротства), предусмотренных ст. 189.8. Федерального закона «О несостоятельности (банкротстве)».

Учитывая изложенное, Кредитная организация «Внешнеэкономический промышленный банк» (ООО) подлежит признанию несостоятельным (банкротом) с открытием процедуры конкурсного производства.

У должника «Внешнеэкономический промышленный банк» (ООО) имелась лицензия № 326I от 19.07.2001 г. на право осуществления банковских операций по привлечению денежных средств физических лиц во вклады.

Согласно п. 2 ст. 189.68. ФЗ «О несостоятельности (банкротстве)» конкурсным управляющим при банкротстве кредитных организаций, имевших лицензию Банка России на привлечение денежных средств физических лиц во вклады, в силу закона является Государственная корпорация «Агентство по страхованию вкладов».

На основании изложенного, ст. ст. 180, ст. 189.8, 189.64, Федерального закона от 26.10.2002 N 127-ФЗ (ред. от 29.12.2015) "О несостоятельности (банкротстве)" (с изм. и доп., вступ. в силу с 01.01.2016), Федерального закона «О банках и банковской деятельности» от 02.12.1990 № 395-1, руководствуясь ст. ст. 64 - 66, 71, 75, 167-170, 223 Арбитражного процессуального кодекса Российской Федерации, Арбитражный суд города Москвы,

**РЕШИЛ:**

Признать Кредитную организацию Внешнеэкономический промышленный банк (Общество с ограниченной ответственностью) (сокращенное наименование - ООО

«ВНЕШПРОМБАНК», ИНН 7705038550, ОГРН 1027700514049, местонахождение: 119991, Москва, Комсомольский проспект, дом 42, строение 1) несостоятельным (банкротом).

Открыть в отношении Кредитной организации Внешнеэкономический промышленный банк Общество с ограниченной ответственностью конкурсное производство сроком на один год.

Возложить обязанности конкурсного управляющего ООО «ВНЕШПРОМБАНК» на Государственную корпорацию «Агентство по страхованию вкладов».

Прекратить полномочия руководителя кредитной организации, временной администрации и иных органов управления кредитной организацией за исключением полномочий органов управления в части принятия решения о заключении соглашений об условиях предоставления денежных средств третьими лицами для исполнения обязательств кредитной организации.

Обязать руководителя кредитной организации, временной администрации и иные органы управления должника в течение 3 (трех) дней с даты возложения обязанностей конкурсного управляющего на Государственную корпорацию «Агентство по страхованию вкладов» обеспечить передачу конкурсному управляющему – Государственной корпорации «Агентство по страхованию вкладов» финансово-хозяйственной, бухгалтерской и иной документации должника, печатей, штампов, материальных и иных ценностей. Акты приема-передачи представить в суд.

С даты принятия решения о признании ООО «ВНЕШПРОМБАНК» несостоятельным (банкротом) и об открытии конкурсного производства наступают последствия, предусмотренные ФЗ «О банках и банковской деятельности» и ст. 189.76 ФЗ «О несостоятельности (банкротстве)».

Прекратить исполнение исполнительных документов об обращении взыскания на имущество кредитной организации, за исключением исполнения исполнительных документов о взыскании задолженности по текущим обязательствам кредитной организации. Документы, исполнение по которым прекратилось, подлежат передаче судебными приставами-исполнителями, а также органами и организациями, исполняющими судебные акты, акты иных органов, должностных лиц, - конкурсному управляющему.

Снять ранее наложенные аресты на имущество должника и иные ограничения распоряжения имуществом должника. Наложение новых арестов на имущество кредитной организации и иных ограничений распоряжения ее имуществом не допускается.

Конкурсному управляющему Государственной корпорации «Агентство по страхованию вкладов» - выполнить требования ст. ст. 28, 128, 189.74 Федерального Закона «О несостоятельности (банкротстве)», опубликовать сведения о признании ООО «ВНЕШПРОМБАНК» несостоятельным (банкротом) и об открытии конкурсного производства, доказательства публикации представить в суд.

Конкурсному управляющему в срок до 11 марта 2017г. представить отчет о проведении процедуры конкурсного производства и документы, подтверждающие, изложенные в отчете сведения.

Взыскать с Кредитной организации Внешнеэкономический промышленный банк Общество с ограниченной ответственностью (сокращенное наименование - ООО «ВНЕШПРОМБАНК», ИНН 7705038550, ОГРН 1027700514049, местонахождение: 119991, Москва, Комсомольский проспект, дом 42, строение 1) государственную пошлину в доход Федерального бюджета Российской Федерации в размере 6.000 (шесть тысяч) рублей.

Решение подлежит немедленному исполнению.

Решение может быть обжаловано в Девятый арбитражный апелляционный суд в течение месяца с момента вынесения.

Председательствующий судья                                                                                          Л.А. Кравчук