# **Exhibit G**

Alan Van Praag, Esq.
Edward W. Floyd, Esq.
EATON & VAN WINKLE LLP
3 Park Avenue
New York, New York 10016
212.779.9910
avanpraag@evw.com
efloyd@evw.com

Attorneys for Plaintiff

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x

PANABROKER PROTECTING AND
INDEMNITY ASSOCIATION, S.A.,

                             Plaintiff,

               -against-

VNESHPROMBANK (a/k/a THE FOREIGN
ECONOMIC INDUSTRIAL BANK); LM
REALTY 31B, LLC; LM REALTY 27D, LLC; LM
REALTY 24C, LLC; LM REALTY 23H, LLC; LM
REALTY 20A, LLC; LM REALTY 18 WEST,
LLC; LM REALTY 10C, LLC (f/k/a ONE
RIVERSIDE PARK REALTY, LLC); and LM
PROPERTY MANAGEMENT LLC.

                             Defendants.

------------------------------------------------------------x

Case No.: 16-cv-02120 (ALC)
ECF Case

**AMENDED COMPLAINT**

       Plaintiff, Panabroker Protecting and Indemnity Association, S.A. ("Plaintiff" or "Panabroker"), by its below signed attorneys, for its Complaint against defendants, LM Realty 31B, LLC ("LM-31B"), LM Realty 27D, LLC ("LM-27D"), LM Realty 24C, LLC ("LM-24C"), LM Realty 23H, LLC ("LM-23H"), LM Realty 20A, LLC ("LM-20A"), LM Realty 18 West,

Case 1:16-cv-02120-ALC    Document 13    Filed 07/26/16    Page 2 of 27

LLC ("LM-18W"), LM Realty 10C, LLC (f/k/a One Riverside Park Realty, LLC) ("LM-10C"), and LM Property Management, LLC ("LM Management") (collectively, the "LM Defendants"), and Vneshprombank (a/k/a The Foreign Economic Industrial Bank) ("VPB"), alleges, on information and belief, as follows:

<u>**PARTIES**</u>

1.      LM-31B is a New York limited liability company established on or about May 27, 2010.  According to articles of organization obtained from the New York Department of State, the entity's organizer is non-party Larisa Markus ("LM" or "Markus"), and the same records reflect that organizer as having used an address located within New York County for said purpose.  LM-31B also owns real property located at 10 West End Avenue, Unit 31B, New York, New York which it purchased from Larisa Markus.  (Annexed hereto as Ex. 1 is a copy of the first page of the concerned deed which evidences the same and provides Block / Lot details.)

2.      LM-27D is a New York limited liability company established on or about May 27, 2010.  According to articles of organization obtained from the New York Department of State, the entity's organizer is non-party Markus, and the same records reflect that organizer as having used an address located within New York County for said purpose.  LM-27D previously owned real property located at 10 West End Avenue, Unit 27D, New York, New York which it had purchased from Larisa Markus.  (Annexed hereto as Ex. 2 is a copy of the first page of the concerned deed which evidences the same and provides Block / Lot details.)  However, the property was apparently sold on or about November 12, 2015.

3.      LM-24C is a New York limited liability company established on or about May 27, 2010.  According to articles of organization obtained from the New York Department of State, the entity's organizer is non-party Markus, and the same records reflect that organizer as having

used an address located within New York County for said purpose.  LM-24C also owns real

property located at 40 Broad Street, Unit 24C, New York, New York.  (Annexed hereto as Ex. 3

is a copy of the first page of the concerned deed which evidences the same and provides Block /

Lot details.)

     4.     LM-23H is a New York limited liability company established on or about June

21, 2010.  According to articles of organization obtained from the New York Department of

State, the entity's organizer is non-party Larisa Markus, and the same records reflect that

organizer as having used an address located within New York County for said purpose.  LM-23H

also owns real property located at 40 Broad Street, Unit 23H, New York, New York.  (Annexed

hereto as Ex. 4 is a copy of the first page of the concerned deed which evidences the same and

provides Block / Lot details.)

     5.     LM-20A is a New York limited liability company established on or about June

21, 2010.  According to articles of organization obtained from the New York Department of

State, the entity's organizer is non-party Markus, and the same records reflect that organizer as

having used an address located within New York County for said purpose.  LM-20A also owns

real property located at 40 Broad Street, Unit 20A, New York, New York.  (Annexed hereto as

Ex. 5 is a copy of the first page of the concerned deed which evidences the same and provides

Block / Lot details.)

     6.     LM-18W is a New York limited liability company established on or about

October 16, 2012.   According to articles of organization obtained from the New York

Department of State, the entity's organizer is non-party Markus, and the same records reflect that

organizer as having used an address located within New York County for said purpose.  LM-

18W also owned, as of the time this action was commenced, real property located at 18 West 48th

Street, Unit 26A, New York, New York.  (Annexed hereto as Ex. 6 is a copy of the first page of the concerned deed which evidences the same and provides Block / Lot details.)  However, on information and belief, LM-18W has subsequent transferred said property but with a mortgage then being granted in favor of LM-18W.

7.      LM-10C is a New York limited liability company established on or about March 20, 2015 (then as One Riverside Park Realty, LLC) and with its current name effective from April 7, 2015.  According to articles of organization obtained from the New York Department of State regarding the entity's original name, the entity's organizer is non-party Markus, and the same records reflect that organizer as having used an address located within New York County for said purpose.  LM-10C also owns real property located at 50 Riverside Boulevard, Unit 10C, New York, New York.  (Annexed hereto as Ex. 7 is a copy of the first page of the concerned deed which evidences the same and provides Block / Lot details.)

8.      LM Management is a New York limited liability company established on or about June 24, 2008.  According to articles of organization obtained from the New York Department of State, the entity's organizer is non-party Markus, and the same records reflect that organizer as having used an address located within New York County for said purpose.  LM Management also owns real property located at 10 West End Avenue, Unit 31C, New York, New York which it purchased from Larisa Markus.  (Annexed hereto as Ex. 8 is a copy of the first page of the concerned deed which evidences the same and provides Block / Lot details.)

9.      At all material times, VPB was a bank organized and existing under the laws of the Russian Federation, but, on January 21, 2016, Russian banking authorities revoked VPB's license(s) because the bank's liabilities grossly exceeded its assets.

10.     Non-party Markus is the president or former-president of VPB as well as the
organizer of each of the LM Defendants.  As such, Markus conducted and participated in the
management, operation and conduct of VPB's affairs.

11.     Plaintiff is a Panamanian entity which brings its instant breach of contract claim
against VPB.  Plaintiff also brings its instant claims against each of the LM Defendants pursuant
to 18 U.S.C. § 1961 *et seq.* (the Racketeer Influenced and Corrupt Organizations Act) as well as
based upon unjust enrichment claims.

## JURISDICTION AND VENUE

12.     This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C.
§§ 1331 and 1367(a).

13.     This Court has personal jurisdiction over each of the LM Defendants because
each such entity is a Limited Liability Company which is doing business in, and maintains a
principal place of business in, New York State.

14.     This Court has personal jurisdiction over VPB pursuant to NY C.P.L.R. § 302(a)
because, amongst other things:

    a.  VPB's website provides that its "Main Correspondent Bank for transactions in"
        US Dollars is "CITIBANK, N.A., New York."  The same page from VPB's
        website also identifies the SWIFT code and related information for that New York
        correspondent account and reflects that the bank provides that information so that
        its "clients" can utilize its services relating to "investment funds," "trust
        management," "brokerage services," and "structured products";

    b.  Notably, as is further described below, the same New York correspondent bank
        was utilized in connection with transfers made by VPB in performance of its

multi-year contractual dealings with Panabroker which give rise to this action (as against VPB);

c. In respect of such dealings with Plaintiff, VPB routinely utilized Citibank, New York as its correspondent bank when engaging in transfers with VPB's client, Panabroker. This pattern extends as far back as 2002 and established a course of dealing which showed purposeful availment of New York's banking system and legal regime. Indeed, when VPB was performing its contractual obligations to routinely make payments to Panabroker, VPB did so by sending wire transfer instructions which directed payments to be routed through Citibank, N.A. in New York. Such wire transfer instructions also routinely included (at SWIFT field 71A) the code "our" which, on information and belief, means that the transaction charges were to be paid by VTB, as initiator, rather than by Panabroker, as beneficiary. Further details regarding the terms of the correspondent account agreement between VTB and Citibank, New York, can be obtained through discovery.

d. Also, as is further discussed below, one of the claims brought in this action arises from the wrongful withdraw and/or embezzlement of VPB's assets by its officers (including, on information and belief, non-party Markus who, as alleged hereinafter laundered such money through the various LM Defendants and into New York realty investments). Discovery is needed to determine the extent to which knowledge of Markus's alleged conduct (understood to be the subject of pending criminal proceedings in Russia) is attributable to VPB. To the extent such knowledge is attributable to VPB, then VPB knowingly allowed its president

and/or others to launder assets into New York which would provide a further basis for personal jurisdiction over VPB (and give rise to additional claims).

    e.    Jurisdiction can also be asserted over VPB's property in New York.

15.    Venue is proper in this District pursuant to 28 U.S.C. § 1391(b)(2) and/or (3).

## FACTUAL ALLEGATIONS

## Breached Agreements between VPB and Panabroker

16.    On or about August 14, 2001, VPB and Panabroker entered into an agreement, captioned as a "Commission Agreement" (the "First Agreement") which provided, in pertinent part that:

    a.    "The Parties agreed . . . that Panabroker will participate in investment program for purchase, transportation and mounting of oil refining equipment with investments amount USD 500.000, (Five hundred thousand US Dollars only)" . . . [and] that "[f]or the financial role of Panabroker and its commercial assistant in this respect, its [sic] hereby agreed"; that

    b.    VPB "undertakes to pay to Panabroker . . . 14 Percent . . . from the value of all investments that will be made . . . as commission to cover Panabroker efforts and different charges related to its role in this deal."

17.    The aforementioned reference to Panabroker's "commercial assistant" was and is intended to be a reference to Mr. Serguei Sokolov ("Sokolov"), an individual who, at all material times, resided in Texas. As such, VPB's obligations under the First Agreement were expressly intended to flow to both Panabroker and the Texan, Sokolov.

18.     On or about December 22, 2001, VPB and Panabroker entered into a second
agreement, also captioned as a "Commission Agreement" (the "Second Agreement"), which
provided, in pertinent part, that:

    a.    "The Parties agreed . . . that Panabroker will participate in an investment program
for the purchase, transportation and mounting of equipment for production of
mineral fertilizer with investments amount USD 1.000.000,00 (One million US
Dollars only)" and that "[f]or the financial role of Panabroker and its commercial
assistant in this respect, its [sic] hereby agreed"; that

    b.    VPB "undertakes to pay to Panabroker . . . 14 Percent . . . from the value of all
investments that will be made . . . as commission to cover Panabroker efforts and
different charges related to its role in this deal."

19.     Again, the aforementioned reference to Panabroker's "commercial assistant" was
and is intended to be a reference to Sokolov, who, at all material times, resided in Texas.  As
such, VPB's obligations under the Second Agreement were expressly intended to flow to both
Panabroker and to the Texan, Sokolov.

20.     From December 2001 to February 2007, VPB performed accordingly and paid
14% commissions as called for by the First and Second Agreements.

21.     However, in February 2007, VPB and Panabroker agreed that the commission
under both agreements would reset at 12%.  Notably, VPB's correspondence confirming that
adjustment was directed to the Texan, Sokolov, and signed by Markus.

22.     By way of correspondence dated January 1, 2016 (with respect to the First
Agreement), VPB further advised that "the balance due to December 1, 2015" was $519,438.02
and that, with a further month of accrued interest, the total "[b]alance in [Panabroker's] favor"

amounted to $524,633.30. Notably, VPB's correspondence confirming the same was directed to the Texan, Sokolov.

23.     By way of correspondence dated January 1, 2016 (with respect to the Second Agreement), VPB advised that "the balance due to December 1, 2015" was $1,035,434.29 and that, with a further month of accrued interest, the total "[b]alance in [Panabroker's] favor" amounted to $1,045,788.63. Notably, VPB's correspondence confirming the same was directed to the Texan, Sokolov.

24.     On January 19, 2016, Panabroker demanded payments from VPB in the amount of $30,000 (in connection with the First Agreement) and in the amount of $60,000 (in connection with the Second Agreement).

25.     Nonetheless, in breach of its objections under the First and Second Agreements, VPB failed to make said payments.

26.     Also, in further breach of its obligations (and despite its written acknowledgment that, as of January 1, 2016, the total balance due to and in favor of Panabroker equaled $1,570,421.93), VPB has failed to return the total balance of the investment due to Panabroker. Indeed, on information and belief, VPB has also been disconnected from payment systems. Moreover, during a telephone call between representatives for Panabroker and VPB respectively, the bank's representative advised that VPB basically has no remaining funds for payment.

27.     Furthermore, on information and belief, VPB failed to perform its obligations under the agreements because, as has been reportedly alleged in criminal proceedings in Russia, VPB officers (including Markus) had, over an extended period of time, withdrawn VPB assets for personal purposes which included the acquisition of properties in the US. Also on

information and belief, Russian authorities have alleged that VPB's former leadership falsified

information relating to the availability of funds in correspondent account(s) at Citibank.

**Larissa Markus's Establishment of the LM Defendants and Their Purchase of NYC Realty**

28.    As stated in paragraphs 1 through 27 above, Markus was the organizer for each

of the LM Defendants which were established on dates running from June 2008 through March

2015 (with a majority having been established in 2010).

29.    Each such entity owns(ed) real property located in New York County and, on

information and belief, each such entity is (save perhaps for bank accounts used to receive rent

payments) a single asset entity.

30.    On information and belief, in addition to having been the organizer for each of the

LM Defendants, Markus is also the direct, indirect or beneficial owner of each such entity.

31.    Furthermore, various LM Defendants have mortgaged their respective properties,

and, in particular, several such property were mortgaged in December 2015 and January 2016

including:

      a.  LM-10C which mortgaged its property on or about December 4, 2015;

      b.  LM-23H which mortgaged its property on or about January 20, 2016;

      c.  LM-20A which mortgaged its property on or about January 20, 2016; and

      d.  LM-24C which also mortgaged its property on or about January 20, 2016.

32.    It should be noted that, even prior to December 2015, the LM Defendants had

mortgaged some of their respective properties over the course of several years.

33.    However, the December 2015 and January 2016 mortgage activity is noteworthy

because it coincides with important developments in Russia relating to VPB and non-party

Markus which are further described in the paragraphs that follow.  The concurrence of the late

2015 / early 2016 mortgage activity with the concerned developments in Russia (embezzlement type allegations against non-party Markus), underscore the risk that Markus or her associates may be mortgaging the New York properties in order to take value out of the real properties and move that value out of the jurisdiction so that it would not be available for potential judgment enforcement purposes.  Indeed, on information and belief, one of the LM Defendants, LM-18W, has, as is also alleged above, even sold its real property *after the commencement of this action* and then received a mortgage against that same property.

34.    Furthermore, with respect to the recent developments in Russia, according to multiple news reports, on December 18, 2015, Russian banking authorities placed VPB in a form of temporary administration relating to non-compliance with capital requirements.

35.    In particular, a January 21, 2016 article on www.reuters.com reported, amongst other things, that:

> The central bank placed [VPB] under temporary administration on December 18, citing concerns about its liquidity and asset quality and violation of minimum capital requirements . . . Shortly afterwards, the bank's head, Larisa Markus, was arrested on suspicion of fraud [as to which her] lawyer has said there was no evidence she had engaged in criminal activity.

36.    The same article from www.Reuters.com reported that, on January 21, 2016 (i.e., a few weeks after the reported arrest of Markus and initiation of temporary administration for VPB), "Russia's central bank said . . . it had revoked the licence of Vneshprombank . . . after discovering it had a hole in its balance sheet estimated at 187.4 billion roubles ($2.3 billion)."

37.    Likewise, a February 25, 2016 article in the New York Times reported that:

> Auditors reviewing Vneshprombank's liquidity found a $2.4 billion hole in its finances, the largest ever uncovered for a Russian bank.  Investigators have accused Ms. Markus and others connected to the bank of embezzling about $13 million from clients' accounts and investing some of that money abroad.  She has denied the charges.

{00065433.DOC;2}                                          11

38.    On information and belief, Russian authorities have also asserted that assets withdrawn from the bank have been invested in businesses and property outside of Russia, including in the United States.

39.    On information and belief, the LM Defendants and the real properties which they (directly, indirectly or beneficially) own constitute some of the businesses and property into which assets that were allegedly embezzled, or otherwise wrongfully withdrawn, by Markus from VPB were invested.

### FIRST CLAIM
### (Breach of Contract against VPB)

40.    Panabroker repeats and realleges paragraphs 1 thorugh 39 as if fully set forth herein.

41.    In breach of its contractual obligations owed to Panabroker pursuant to the First Agreement and the Second Agreement, VPB has wrongfully failed to pay $1,570,421.93 (plus interest which continues to accrue) to Panabroker, including amounts owed on account of the "financial role of . . . [Panabroker's] commercial assistant," the Texan, Sokolov.

42.    VPB has thereby caused Panabroker to suffer damages, including domestic injuries, in an amount to be determined at trial but equal to, at least, $1.57 million.

**WHEREFORE**, Panabroker respectfully requests that the Court issue judgment, in its favor and against VPB, in an amount to be determined at trial but equal to, at least, $1.57 million plus interest which continues to accrue.

### SECOND CLAIM
### (Violations of 18 U.S.C. § 1962(d) against the LM Defendants)
### (relating to VPB as an Enterprise)

43.    Panabroker repeats and realleges paragraphs 1 through 42, as if fully set forth herein.

44.    At all material times, VPB was an enterprise within the meaning of 18 U.S.C. § 1961(4) which was engaged in and whose activities affected interstate or foreign commerce (the "VPB Enterprise").  Furthermore, as the bank's president, Markus conducted and participated in the management, operation and conduct of VPB's affairs.

45.    At all material times, Markus was employed by or associated with the VPB Enterprise.

46.    Each of the LM Defendants is a "person" within the meaning of 18 U.S.C. § 1961(3).

47.    On information and belief, based upon the allegations described by news reports referenced above, Markus embezzled, or otherwise wrongfully withdrew assets from VPB and used such assets for personal investment in properties and/or businesses located in New York.

48.    Such actions occurred over a multi-year period of time and each act of embezzlement, or otherwise wrongful withdrawal (together with all related transfers for personal investment purposes in New York) constituted specified unlawful activity within the meaning of, amongst other things, 18 U.S.C. § 1956(c)(7)(B)(iii) (relating to "fraud, or any scheme or attempt to defraud, by or against a foreign bank [as defined in paragraph 7 of section 1(b) of the International Banking Act of 1978").

49.    On information and belief, the assets embezzled, or otherwise wrongfully withdrawn, by Markus from VPB were transferred to, or otherwise used to fund, the LM Defendants.

50.    All such transfers or fundings made with embezzled or otherwise wrongfully withdrawn assets constituted financial transactions within the meaning of 18 U.S.C. § 1956(c)(4) (the "Financial Transactions Running to the LM Defendants").

51.     On information and belief, the assets conveyed by way of the Financial Transactions Running to the LM Defendants were then used to purchase the real properties which the LM Defendants acquired during the ensuing multi-year period.

52.     All such uses of embezzled, or otherwise wrongfully withdrawn, assets to purchase real property also constituted financial transactions within the meaning of 18 U.S.C. § 1956(c)(4) (the "Financial Transactions Running from the LM Defendants").

53.      On information and belief, the LM Defendants (for which Markus was the organizer) had the same extent of knowledge as Markus regarding the underlying embezzlement, or otherwise wrongful withdrawal, of assets from VPB such that the LM Defendants knew that: (a) the property transferred to them by way of the Financial Transactions Running to the LM Defendants represented the proceeds of some form of unlawful activity constituting a felony under State, Federal or foreign law.

54.     When the LM Defendants received or transferred assets in connection with the Financial Transactions Running to (or from) the LM Defendants, they did so with intent to promote the carrying on of specified unlawful activity.

55.     Also, when the LM Defendants received or transferred assets in connection with the Financial Transactions Running to (or from) the LM Defendants, they did so with knowledge that the transactions were designed in whole or in party to conceal or disguise the nature, location, source, ownership, or control of proceeds from specified unlawful activity.

56.     Accordingly, each of the Financial Transactions Running to the LM Defendants, as well as each of the Financial Transactions Running from the LM Defendants, constituted a violation of 18 U.S.C. § 1956(a).

57.    Those violations of 18 U.S.C. § 1956(a) also constituted racketeering activity within the meaning of 18 U.S.C. § 1961(1)(b) (incorporating violations of 18 U.S.C. § 1956 as RICO predicate acts).

58.    On information and belief, the aforementioned racketeering activities (all of which were related and conducted with continuity) occurred during a period of time spanning, at a minimum, 2010 through 2015 and thereby constituted a pattern of racketeering activity within the meaning of 18 U.S.C. § 1961(1)(5).

59.    In light of the foregoing, on information and belief, non-party Markus thus conducted or participated in the conduct of the VPB Enterprise's affairs through a pattern of racketeering activity which was in violation of 18 U.S.C. § 1962(c).

60.    Moreover, the LM Defendants agreed and conspired with Markus, and/or amongst themselves, to further the same and knowingly did so in violation of 18 U.S.C. § 1962(d) causing injury to Panabroker in its business or property in a principal amount to be determined at trial but equal to, at least, $1.57 million plus interest which continues to accrue. Indeed, by receiving and then utilizing the assets associated with the Financial Transactions Running To (and From) the LM Defendants, each of the LM Defendants respectively manifested their agreement to commit at least two predicate acts (i.e., receipt of assets followed by additional concealment of assets through realty purchases) in furtherance of an overall scheme in violation of the RICO Act.

61.    Moreover, the LM Defendants' violations of the RICO Act constitute the 'but for' and proximate cause of injuries caused to Panabroker's property and/or business.  As aforesaid, Markus was fully aware of the obligations owed to Panabroker and had even signed the February 2007 rate adjustment correspondence which she directed to the Texan, Sokolov.

62.     The LM Defendants' violations of the RICO Act also caused Panabroker to suffer
domestic injuries because, amongst other things:

    a.   Each Financial Transaction Running to the LM Defendants wrongfully moved
VPB's assets into the United States, and each of the Financial Transactions
Running from the LM Defendants then wrongfully concealed the identity and
source of those assets in the United States. Such wrongful conduct caused direct,
substantial and foreseeable effects in the United States which, in turn, proximately
caused the injuries suffered by Panabroker;

    b.  Each time VPB's property was wrongfully brought into the United States, or
further concealed in the United States, Panabroker's property rights and business
interest to collect debts owed to it from such property was injured in the United
States; and

    c.  The wrongful transfer and concealment of VPB's property by the LM Defendants
injured Panabroker's business with Sokolov in the United States.

**WHEREFORE**, Panabroker respectfully requests that the Court issue judgment, in its
favor and against the LM Defendants holding each of them jointly and severally liable: (a) in a
principal amount to be determined at trial but equal to, at least, $1.57 million plus interest which
continues to accrue; (b) with treble damages thereon pursuant to 18 U.S.C. § 1964(c) together
with reasonable attorney's fees plus pre- and post-judgment interest; and (c) with such other and
further relief as the Court deems just and equitable.

### THIRD CLAIM
### (Unjust Enrichment against the LM Defendants)

63.    Panabroker repeats and realleges paragraphs 1 through 62, as if fully set forth herein.

64.    By virtue of the Financial Transactions Running To (and From) the LM Defendants, the LM Defendants were unjustly enriched at Panabroker's expense, and equity, as well as good conscience, require Plaintiff to recover amounts equal to such unjust enrichment from the LM Defendants.

**WHEREFORE**, Panabroker respectfully requests that the Court issue judgment, in its favor and against the LM Defendants holding each of them jointly and severally liable: (a) in a principal amount to be determined at trial but equal to, at least, $1.57 million plus interest which continues to accrue; and (c) with such other and further relief as the Court deems just and equitable.

Dated: July 22, 2016
        New York, New York

Respectfully submitted,

Panabroker Protecting and Intemnity Association, S.A.

By: /s/ Edward W. Floyd
Edward W. Floyd
Alan Van Praag

Eaton & Van Winkle LLP
3 Park Avenue, 16th Floor
New York, New York 10016

(212) 779-9910
efloyd@evw.com
avanpraag@evw.com

{00065433.DOC;2}

17



| NYC DEPARTMENT OF FINANCE<br>OFFICE OF THE CITY REGISTER | |
|---|---|
| This page is part of the instrument. The City Register will rely on the information provided by you on this page for purposes of indexing this instrument. The information on this page will control for indexing purposes in the event of any conflict with the rest of the document. | 2010091500782001002E2E85 |

| RECORDING AND ENDORSEMENT COVER PAGE | PAGE 1 OF 5 |
|---|---|

**Document ID:** 2010091500782001   **Document Date:** 08-31-2010   **Preparation Date:** 10-08-2010
**Document Type:** DEED
**Document Page Count:** 4

| PRESENTER: | RETURN TO: |
|---|---|
| TITLE AMERICA LAND SERVICES<br>77 NEWBRIDGE ROAD<br>PICK UP TO KAREN LEVINE<br>HICKSVILLE, NY 11801<br>516-733-1822<br>lhunter@titleamericaland.com | STEVEN J. GOLDSTEIN, P.C.<br>77 NEWBRIDGE ROAD<br>HICKSVILLE, NY 11801 |

### PROPERTY DATA

| Borough | Block | Lot | Unit | Address |
|---|---|---|---|---|
| MANHATTAN | 1151 | 1158  Entire Lot | 31B | 10 WEST END AVENUE |

**Property Type:** SINGLE RESIDENTIAL CONDO UNIT

### CROSS REFERENCE DATA

CRFN_____  or  Document ID_____  or  _____  Year____  Reel___  Page____  or  File Number_____

### PARTIES

| GRANTOR/SELLER: | GRANTEE/BUYER: |
|---|---|
| LARISA MARKUS<br>C/O 40 RECTOR STREET, SUITE 1502<br>NEW YORK, NY 10006 | LM REALTY 31B, LLC<br>C/O 40 RECTOR STREET, SUITE 1502<br>NEW YORK, NY 10006 |

### FEES AND TAXES

| Mortgage | | Filing Fee: | |
|---|---|---|---|
| Mortgage Amount: | $ 0.00 | | $ 125.00 |
| Taxable Mortgage Amount: | $ 0.00 | NYC Real Property Transfer Tax: | |
| Exemption: | | | $ 0.00 |
| TAXES: County (Basic): | $ 0.00 | NYS Real Estate Transfer Tax: | |
| City (Additional): | $ 0.00 | | $ 0.00 |
| Spec (Additional): | $ 0.00 | | |
| TASF: | $ 0.00 | | |
| MTA: | $ 0.00 | | |
| NYCTA: | $ 0.00 | | |
| Additional MRT: | $ 0.00 | | |
| TOTAL: | $ 0.00 | | |
| Recording Fee: | $ 57.00 | | |
| Affidavit Fee: | $ 0.00 | | |

RECORDED OR FILED IN THE OFFICE
OF THE CITY REGISTER OF THE
CITY OF NEW YORK
Recorded/Filed        10-12-2010 11:35
City Register File No.(CRFN):
**2010000340075**

*Annette M Hill*

***City Register Official Signature***



| NYC DEPARTMENT OF FINANCE<br>OFFICE OF THE CITY REGISTER | |
|---|---|
| This page is part of the instrument. The City Register will rely on the information provided by you on this page for purposes of indexing this instrument. The information on this page will control for indexing purposes in the event of any conflict with the rest of the document. | 2010091500537002003E7BD2 |

## RECORDING AND ENDORSEMENT COVER PAGE    PAGE 1 OF 5

| Document ID: 2010091500537002 | Document Date: 08-31-2010 | Preparation Date: 10-08-2010 |
|---|---|---|

Document Type: DEED
Document Page Count: 4

| PRESENTER: | RETURN TO: |
|---|---|
| TITLE AMERICA LAND SERVICES<br>77 NEWBRIDGE ROAD<br>PICK UP TO KAREN LEVINE<br>HICKSVILLE, NY  11801<br>516-733-1822<br>lhunter@titleamericaland.com | STEVEN J. GOLDSTEIN, P.C.<br>77 NEWBRIDGE ROAD<br>HICKSVILLE, NY  11801 |

### PROPERTY DATA

| Borough | Block | Lot | | Unit | Address |
|---|---|---|---|---|---|
| MANHATTAN | 1151 | 1211 | Entire Lot | 27D | 10 WEST END AVENUE |

Property Type: SINGLE RESIDENTIAL CONDO UNIT

### CROSS REFERENCE DATA

CRFN_____ or Document ID_____ or _____ Year_____ Reel ___ Page _____ or File Number_____

### PARTIES

| GRANTOR/SELLER: | GRANTEE/BUYER: |
|---|---|
| LARISA MARKUS<br>C/O 40 RECTOR STREET, SUITE 1502<br>NEW YORK, NY  10006 | LM REALTY 27D, LLC<br>C/O 40 RECTOR STREET, SUITE 1502<br>NEW YORK, NY  10006 |

### FEES AND TAXES

| Mortgage | | | Filing Fee: | |
|---|---|---|---|---|
| Mortgage Amount: | $ | 0.00 | | $ 125.00 |
| Taxable Mortgage Amount: | $ | 0.00 | NYC Real Property Transfer Tax: | |
| Exemption: | | | | $ 0.00 |
| TAXES: County (Basic): | $ | 0.00 | NYS Real Estate Transfer Tax: | |
| City (Additional): | $ | 0.00 | | $ 0.00 |
| Spec (Additional): | $ | 0.00 | | |
| TASF: | $ | 0.00 | | |
| MTA: | $ | 0.00 | | |
| NYCTA: | $ | 0.00 | | |
| Additional MRT: | $ | 0.00 | | |
| TOTAL: | $ | 0.00 | | |
| Recording Fee: | $ | 57.00 | | |
| Affidavit Fee: | $ | 0.00 | | |

RECORDED OR FILED IN THE OFFICE
OF THE CITY REGISTER OF THE
CITY OF NEW YORK
Recorded/Filed    10-12-2010 12:14
City Register File No.(CRFN):
**2010000340214**

*Annette M Hill*

***City Register Official Signature***



**NYC DEPARTMENT OF FINANCE**
**OFFICE OF THE CITY REGISTER**

This page is part of the instrument. The City Register will rely on the information provided by you on this page for purposes of indexing this instrument. The information on this page will control for indexing purposes in the event of any conflict with the rest of the document.

2011042700357002002E8080

| RECORDING AND ENDORSEMENT COVER PAGE | PAGE 1 OF 8 |
|---|---|

**Document ID:** 2011042700357002  **Document Date:** 04-21-2011  **Preparation Date:** 04-27-2011
Document Type: DEED
Document Page Count: 7

| PRESENTER: | RETURN TO: |
|---|---|
| TITLE AMERICA LAND SERVICES | STEVEN J GOLDSTEIN LLC |
| 77 NEWBRIDGE ROAD | 77 NEWBRIDGE ROAD |
| PICK UP TO KAREN LEVINE | HICKSVILLE, NY 11801 |
| HICKSVILLE, NY 11801 | |
| 516-733-1822 | |
| lhunter@titleamericaland.com | |

**PROPERTY DATA**

| Borough | Block | Lot | Unit | Address |
|---|---|---|---|---|
| MANHATTAN | 24 | 1101 Entire Lot | 24C | 40 BROAD STREET |

Property Type: SINGLE RESIDENTIAL CONDO UNIT

**CROSS REFERENCE DATA**

CRFN_____  *or* Document ID_____  *or* _____ Year_____ Reel ___ Page _____ *or* File Number_____

**PARTIES**

| GRANTOR/SELLER: | GRANTEE/BUYER: |
|---|---|
| 40 BROAD LLC | LM REALTY 24C, LLC |
| C/O ZAMIR EQUITIES, 587 FIFTH AVENUE, 7TH FLOOR | 40 BROAD STREET, UNIT 24C |
| NEW YORK, NY 10019 | NEW YORK, NY 10004 |

**FEES AND TAXES**

| Mortgage | | | | | |
|---|---|---|---|---|---|
| Mortgage Amount: | $ | 0.00 | Filing Fee: | | |
| Taxable Mortgage Amount: | $ | 0.00 | | $ | 125.00 |
| Exemption: | | | NYC Real Property Transfer Tax: | | |
| TAXES: County (Basic): | $ | 0.00 | | $ | 4,741.03 |
| City (Additional): | $ | 0.00 | NYS Real Estate Transfer Tax: | | |
| Spec (Additional): | $ | 0.00 | | $ | 1,898.00 |
| TASF: | $ | 0.00 | | | |
| MTA: | $ | 0.00 | | | |
| NYCTA: | $ | 0.00 | | | |
| Additional MRT: | $ | 0.00 | | | |
| TOTAL: | $ | 0.00 | | | |
| Recording Fee: | $ | 72.00 | | | |
| Affidavit Fee: | $ | 0.00 | | | |

**RECORDED OR FILED IN THE OFFICE OF THE CITY REGISTER OF THE CITY OF NEW YORK**

Recorded/Filed  06-07-2011 08:50
City Register File No.(CRFN):
**2011000200766**

*Annette M Hill*
**City Register Official Signature**



2011042700649001001E7C58

| RECORDING AND ENDORSEMENT COVER PAGE | PAGE 1 OF 8 |
|---|---|

**Document ID:** 2011042700649001     Document Date: 04-21-2011     Preparation Date: 04-27-2011
**Document Type:** DEED
**Document Page Count:** 7

| PRESENTER: | RETURN TO: |
|---|---|
| TITLE AMERICA LAND SERVICES | STEVEN J GOLDSTEIN |
| 77 NEWBRIDGE ROAD | 77 NEWBRIDGE ROAD |
| PICK UP TO KAREN LEVINE | HICKSVILLE, NY 11801 |
| HICKSVILLE, NY 11801 | |
| 516-733-1822 | |
| lhunter@titleamericaland.com | |

### PROPERTY DATA

| Borough | Block | Lot | Unit | Address |
|---|---|---|---|---|
| MANHATTAN | 24 | 1098 Entire Lot | 23H | 40 BROAD STREET |

    **Property Type:** SINGLE RESIDENTIAL CONDO UNIT

### CROSS REFERENCE DATA

CRFN_____   *or*   Document ID_____   *or*   _____ Year_____ Reel____ Page_____   *or*   File Number_____

### PARTIES

| GRANTOR/SELLER: | GRANTEE/BUYER: |
|---|---|
| 40 BROAD LLC | LM REALTY 23H, LLC |
| C/O ZAMIR EQUITIES, 587 FIFTH AVENUE, 7TH FLOOR | 40 BROAD STREET, UNIT 23H |
| NEW YORK, NY 10017 | NEW YORK, NY 10004 |

### FEES AND TAXES

| Mortgage | | | Filing Fee: | |
|---|---|---|---|---|
| Mortgage Amount: | $ | 0.00 | | 125.00 |
| Taxable Mortgage Amount: | $ | 0.00 | NYC Real Property Transfer Tax: | |
| Exemption: | | | $ | 16,162.17 |
| TAXES: County (Basic): | $ | 0.00 | NYS Real Estate Transfer Tax: | |
| City (Additional): | $ | 0.00 | $4,538.00 + $11,341.87 = $ | 15,879.87 |
| Spec (Additional): | $ | 0.00 | | |
| TASF: | $ | 0.00 | |
| MTA: | $ | 0.00 | |
| NYCTA: | $ | 0.00 | |
| Additional MRT: | $ | 0.00 | |
| TOTAL: | $ | 0.00 | |
| Recording Fee: | $ | 72.00 | |
| Affidavit Fee: | $ | 0.00 | |

**RECORDED OR FILED IN THE OFFICE
OF THE CITY REGISTER OF THE
CITY OF NEW YORK**
Recorded/Filed     05-05-2011 14:28
City Register File No.(CRFN):
     2011000164018

*Annette M Hill*

***City Register Official Signature***



2011042601133001001E9449

| RECORDING AND ENDORSEMENT COVER PAGE | | PAGE 1 OF 8 |
|---|---|---|

**Document ID:** 2011042601133001    Document Date: 04-21-2011    Preparation Date: 04-26-2011
**Document Type:** DEED
Document Page Count: 7

| PRESENTER: | RETURN TO: |
|---|---|
| TITLE AMERICA LAND SERVICES<br>77 NEWBRIDGE ROAD<br>PICK UP TO KAREN LEVINE<br>HICKSVILLE, NY  11801<br>516-733-1822<br>lhunter@titleamericaland.com | STEVEN J. GOLDSTEIN, P.C.<br>77 NEWBRIDGE ROAD<br>HICKSVILLE, NY  11801 |

## PROPERTY DATA

| Borough | Block | Lot | Unit | Address |
|---|---|---|---|---|
| MANHATTAN | 24 | 1069  Entire Lot | 20A | 40 BROAD STREET |

Property Type:  SINGLE RESIDENTIAL CONDO UNIT

## CROSS REFERENCE DATA

CRFN_____  *or*  Document ID_____  *or*  _____  Year_____  Reel ____  Page _____  *or*  File Number_____

## PARTIES

| GRANTOR/SELLER: | GRANTEE/BUYER: |
|---|---|
| 40 BROAD LLC<br>C/O ZAMIR EQUITIES, 587 FIFTH AVENUE, 7TH FLOOR<br>NEW YORK, NY  10017 | LM REALTY 20A, LLC<br>40 BROAD STREET, UNIT 20A<br>NEW YORK, NY  10004 |

## FEES AND TAXES

| Mortgage | | | Filing Fee: | | |
|---|---|---|---|---|---|
| Mortgage Amount: | $ | 0.00 | | $ | 125.00 |
| Taxable Mortgage Amount: | $ | 0.00 | NYC Real Property Transfer Tax: | | |
| Exemption: | | | | $ | 11,132.86 |
| TAXES:  County (Basic): | $ | 0.00 | NYS Real Estate Transfer Tax: | | |
|   City (Additional): | $ | 0.00 | | $ | 3,126.00 |
|   Spec (Additional): | $ | 0.00 | | | |
|   TASF: | $ | 0.00 | | | |
|   MTA: | $ | 0.00 | | | |
|   NYCTA: | $ | 0.00 | | | |
|   Additional MRT: | $ | 0.00 | | | |
|   TOTAL: | $ | 0.00 | | | |
| Recording Fee: | $ | 72.00 | | | |
| Affidavit Fee: | $ | 0.00 | | | |

RECORDED OR FILED IN THE OFFICE
OF THE CITY REGISTER OF THE
CITY OF NEW YORK
Recorded/Filed      05-05-2011 15:09
City Register File No.(CRFN):
**2011000164210**

*Annette M Gill*

*City Register Official Signature*



## NYC DEPARTMENT OF FINANCE
## OFFICE OF THE CITY REGISTER

This page is part of the instrument. The City
Register will rely on the information provided
by you on this page for purposes of indexing
this instrument. The information on this page
will control for indexing purposes in the event
of any conflict with the rest of the document.

20121130000910001002E6368

| RECORDING AND ENDORSEMENT COVER PAGE | PAGE 1 OF 6 |
|---|---|

**Document ID:** 2012113000091000     Document Date: 11-29-2012     Preparation Date: 12-03-2012
Document Type: DEED
Document Page Count: 5

| PRESENTER: | RETURN TO: |
|---|---|
| TITLE AMERICA LAND SERVICES | STEVEN J GOLDSTEIN, ESQ. |
| 77 NEWBRIDGE ROAD | 77 NEWBRIDGE ROAD |
| HICKSVILLE, NY 11801 | HICKSVILLE, NY 11801 |
| 516-733-1822 | 516-733-1822 |
| khunter@titleamericaland.com | khunter@titleamericaland.com |

### PROPERTY DATA

| Borough | Block | Lot | | Unit | Address |
|---|---|---|---|---|---|
| MANHATTAN | 1263 | 1114 | Entire Lot | 26A | 18 WEST 48TH STREET |

Property Type: SINGLE RESIDENTIAL CONDO UNIT

### CROSS REFERENCE DATA

CRFN_____   *or*   Document ID_____   *or*   _____ Year_____ Reel ___ Page ___   *or*   File Number_____

### PARTIES

| GRANTOR/SELLER: | GRANTEE/BUYER: |
|---|---|
| M.A.S. HORIZON CORP. | LM REALTY 18 WEST, LLC |
| 990 SIXTH AVENUE, SUITE 8L | 2 RECTOR STREET, SUITE 1202 |
| NEW YORK, NY 10018 | NEW YORK, NY 10006 |

### FEES AND TAXES

| Mortgage | | | Filing Fee: | |
|---|---|---|---|---|
| Mortgage Amount: | $ | 0.00 | | $ 125.00 |
| Taxable Mortgage Amount: | $ | 0.00 | NYC Real Property Transfer Tax: | |
| Exemption: | | | | $ 30,851.25 |
| TAXES: County (Basic): | $ | 0.00 | NYS Real Estate Transfer Tax: | |
| City (Additional): | $ | 0.00 | $8,660.00 + $21,650.00 = $ | 30,310.00 |
| Spec (Additional): | $ | 0.00 | | |
| TASF: | $ | 0.00 | | |
| MTA: | $ | 0.00 | | |
| NYCTA: | $ | 0.00 | | |
| Additional MRT: | $ | 0.00 | | |
| TOTAL: | $ | 0.00 | | |
| Recording Fee: | $ | 62.00 | | |
| Affidavit Fee: | $ | 0.00 | | |

**RECORDED OR FILED IN THE OFFICE
OF THE CITY REGISTER OF THE
CITY OF NEW YORK**
Recorded/Filed    12-07-2012 09:22
City Register File No.(CRFN):
**2012000479970**

*Annette M Hill*

***City Register Official Signature***



| NYC DEPARTMENT OF FINANCE<br>OFFICE OF THE CITY REGISTER | |
|---|---|
| This page is part of the instrument. The City Register will rely on the information provided by you on this page for purposes of indexing this instrument.The information on this page will control for indexing purposes in the event of any conflict with the rest of the document. | 2015120800067900100 1E125E |

| RECORDING AND ENDORSEMENT COVER PAGE | | PAGE 1 OF 14 |
|---|---|---|
| **Document ID:** 2015120800679001 | Document Date: 12-04-2015 | Preparation Date: 12-08-2015 |
| Document Type: DEED | | |
| Document Page Count: 13 | | |

| PRESENTER: | RETURN TO: |
|---|---|
| TITLE AMERICA LAND SERVICES<br>100 CROSSWAY PARK WEST<br>SUITE 312<br>WOODBURY, NY 11797<br>516-733-1822<br>KHUNTER@TITLEAMERICALAND.COM | STEVEN GOLDSTEIN<br>100 CROSSWAY PARK WEST<br>SUITE 312<br>WOODBURY, NY 11797<br>516-733-1810 |

| PROPERTY DATA | | | | |
|---|---|---|---|---|
| Borough | Block | Lot | Unit | Address |
| MANHATTAN | 1171 | 2565 | Entire Lot 10C | 50 RIVERSIDE BOULEVARD |
| **Property Type:** | SINGLE RESIDENTIAL CONDO UNIT | | | |

| CROSS REFERENCE DATA | | | | | | | |
|---|---|---|---|---|---|---|---|
| CRFN_____ | or | DocumentID_____ | or | _____Year____ | Reel____ | Page_____ | or | File Number_____ |

| PARTIES | |
|---|---|
| GRANTOR/SELLER: | GRANTEE/BUYER: |
| 50 RIVERSIDE BLVD LLC<br>805 THIRD AVENUE, SEVENTH FLOOR<br>NEW YORK, NY 10022 | LM REALTY 10C, LLC<br>2 RECTOR STREET #1202<br>NEW YORK, NY 10006 |

| FEES AND TAXES | | | |
|---|---|---|---|
| **Mortgage :** | | Filing Fee: | |
| Mortgage Amount: | $            0.00 | | 125.00 |
| Taxable Mortgage Amount: | $            0.00 | NYC Real Property Transfer Tax: | |
| Exemption: | | $       72,607.31 | |
| TAXES:  County (Basic): | $            0.00 | NYS Real Estate Transfer Tax: | |
| City (Additional): | $            0.00 | $20,382.00  + $50,952.50 = $ | 71,334.50 |
| Spec (Additional): | $            0.00 | | |
| TASF: | $            0.00 | **RECORDED OR FILED IN THE OFFICE** | |
| MTA: | $            0.00 | **OF THE CITY REGISTER OF THE** | |
| NYCTA: | $            0.00 | **CITY OF NEW YORK** | |
| Additional MRT: | $            0.00 | Recorded/Filed        12-22-2015 12:08 | |
| TOTAL: | $            0.00 | City Register File No.(CRFN): | |
| Recording Fee: | $          102.00 | **2015000452394** | |
| Affidavit Fee: | $            0.00 | | |

*City Register Official Signature*



**NYC DEPARTMENT OF FINANCE
OFFICE OF THE CITY REGISTER**

This page is part of the instrument. The City Register will rely on the information provided by you on this page for purposes of indexing this instrument. The information on this page will control for indexing purposes in the event of any conflict with the rest of the document.

2010090200406001002E9418

| RECORDING AND ENDORSEMENT COVER PAGE | PAGE 1 OF 5 |
|---|---|

| Document ID: 2010090200406001 | Document Date: 08-31-2010 | Preparation Date: 10-15-2010 |
|---|---|---|

Document Type: DEED
Document Page Count: 4

| PRESENTER: | RETURN TO: |
|---|---|
| TITLE AMERICA LAND SERVICES<br>77 NEWBRIDGE ROAD<br>PICK UP TO KAREN LEVINE<br>HICKSVILLE, NY  11801<br>516-733-1822<br>lhunter@titleamericaland.com | STEVEN J GOLDSTEIN<br>77 NEWBRIDGE ROAD<br>HICKSVILLE, NY  11801 |

## PROPERTY DATA

| Borough | Block | Lot | | Unit | Address |
|---|---|---|---|---|---|
| MANHATTAN | 1151 | 1187 | Entire Lot | 31C | 10 WEST END AVENUE |

Property Type:  SINGLE RESIDENTIAL CONDO UNIT

## CROSS REFERENCE DATA

CRFN: 2010000340213

## PARTIES

| GRANTOR/SELLER: | GRANTEE/BUYER: |
|---|---|
| LARISA MARKUS<br>C/O 40 RECTOR STREET, SUITE 1502<br>NEW YORK, NY  10006 | LM PROPERTY MANAGEMENT LLC<br>C/O 40 RECTOR STREET, SUITE 1502<br>NEW YORK, NY  10006 |

## FEES AND TAXES

| Mortgage | | | Filing Fee: | |
|---|---|---|---|---|
| Mortgage Amount: | $ | 0.00 | | $ 125.00 |
| Taxable Mortgage Amount: | $ | 0.00 | NYC Real Property Transfer Tax: | |
| Exemption: | | | | $ 0.00 |
| TAXES: County (Basic): | $ | 0.00 | NYS Real Estate Transfer Tax: | |
| City (Additional): | $ | 0.00 | | $ 0.00 |
| Spec (Additional): | $ | 0.00 | | |
| TASF: | $ | 0.00 | |
| MTA: | $ | 0.00 | |
| NYCTA: | $ | 0.00 | |
| Additional MRT: | $ | 0.00 | |
| TOTAL: | $ | 0.00 | |
| Recording Fee: | $ | 57.00 | |
| Affidavit Fee: | $ | 0.00 | |

**RECORDED OR FILED IN THE OFFICE
OF THE CITY REGISTER OF THE
CITY OF NEW YORK**

Recorded/Filed        10-19-2010 13:32
City Register File No.(CRFN):
**2010000349077**

*Annette M Hill*

***City Register Official Signature***

MEMO ENDORSED   **EATON & VAN WINKLE LLP**
**3 Park Avenue, New York, N.Y. 10016**
**(212) 779-9910**

USDC SDNY
DOCUMENT ELECTRONICALLY
FILED
DOC#: _____
DATE FILED:  7-18-16

Edward W. Floyd
Partner

Direct Dial: (212) 561-3614
Email: efloyd@evw.com

July 7, 2016

**VIA ECF (with email copy)**
The Honorable Andrew L. Carter, Jr.
United States District Judge
United States District Court
Southern District of New York
40 Foley Square, Room 435
New York, NY 10007

ALCarterNYSDChambers@nysd.uscourts.gov

Re:    ***Panabroker Protecting and Indemnity Association, S.A. v.***
***Vneshprombank (a/k/a The Foreign Economic Industrial Bank), et al.,***
***No. 16-cv-2120-ALC (S.D.N.Y.)***

Dear Judge Carter:

We represent plaintiff, Panabroker Protecting and Indemnity Association, S.A. ("Plaintiff" or "Panabroker") in the above-referenced action.   We are submitting this correspondence in order to provide the Court with a status report jointly made with counsel for the various LM Defendants (i.e., LM Realty 31B, LLC; LM Realty 27D, LLC; LM Realty 24C, LLC; LM Realty 23H, LLC; LM Realty 20A, LLC; LM Realty 18 West, LLC; LM Realty 10C, LLC; and LM Property Management LLC).

In particular, this joint status report is made pursuant to the provisions of the pre-motion conference which was held on June 23, 2016.

In that regard, the Plaintiff intends to file an amended complaint and the parties propose that such filing shall be made by Friday, July 22, 2016.  The parties further propose that, within three business days of that filing or by Wednesday July 27, 2016 (whichever is earlier) they would submit an additional status report stating whether the LM Defendants intend to make a motion to dismiss and, if so, proposing a briefing schedule for the same.

We thank the Court for its consideration of this matter.

Respectfully submitted,

/s/ Edward W. Floyd
Edward W. Floyd

cc.: All counsel of record (via ECF)

The proposed process and
dates are accepted.

SO ORDERED:

HON. ANDREW L. CARTER, JR.          7-18-16
UNITED STATES DISTRICT JUDGE