**BLANK ROME LLP**
The Chrysler Building
405 Lexington Avenue
New York, NY 10174
(212) 885-5000
Rick Antonoff
Barry N. Seidel
Evan J. Zucker

*Attorneys for State Corporation "Deposit Insurance Agency" in its Capacity as Trustee and Foreign Representative for the Debtor*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**
---------------------------------------------------------------x
In re:

     **FOREIGN ECONOMIC**                      Chapter 15
     **INDUSTRIAL BANK LIMITED,**
     **"VNESHPROMBANK" LTD.**,              Case No. 16-13534 (  )

             Debtor in a Foreign Proceeding.
---------------------------------------------------------------x

**DECLARATION OF KHALIZEV ALEKSANDR VICTOROVICH**
**ON BEHALF OF THE STATE CORPORATION "DEPOSIT INSURANCE**
**AGENCY," AS FOREIGN REPRESENTATIVE, PURSUANT TO 11 U.S.C. § 1515**
**AND IN SUPPORT OF VERIFIED PETITION AND RECOGNITION HEARING**

     I, Khalizev Aleksandr Victorovich, pursuant to 28 U.S.C. § 1746, hereby declare under penalty of perjury as follows:

     1.     I am over the age of 18 and, if called upon, could testify to all matters set forth in this statement.

     2.     I am an employee and representative of the Financial Organizations' Liquidation Department of the State Corporation "Deposit Insurance Agency" (the "DIA"),[1] and as set forth below, authorized to act on behalf of the DIA with respect to the Foreign

---

[1] The DIA is a Russian state corporation providing bank deposit insurance for Russian licensed banks and acts as a trustee for banks in liquidation.

Economic Industrial Bank Limited, "Vneshprombank" Ltd. (the "<u>Bank</u>") in the Bank's pending insolvency proceeding (the "<u>Russian Insolvency Proceeding</u>") under the Russian Federation Federal Law № 127-FZ "On Insolvency (Bankruptcy)" (the "<u>Russian Bankruptcy Law</u>").[2]

3.    On March 11, 2016, on application of the Central Bank of Russia, the Moscow Arbitration Court declared the Bank insolvent and commenced the Russian Insolvency Proceeding (the "<u>Commencement Order</u>").  A copy of the Commencement Order is attached to the Russian Counsel Declaration as Exhibit B.

4.    The Commencement Order appointed the DIA as the trustee for the Bank. Thereafter, in accordance with Russian Bankruptcy Law, the DIA on March 16, 2016 sent a report to the Moscow Arbitration Court designating Korzhenkova Natalia Igorevna as the authorized representative, with power of attorney, to act on behalf of the DIA in respect of the Russian Insolvency Proceeding.  Russian Counsel Declaration at Exhibit C.  On November 10, 2016, the DIA sent a report to the Moscow Arbitration Court indicating that as of November 7, 2016, I succeeded Ms. Korzhenkova as the authorized representative to act on behalf of the DIA in respect of the Russian Insolvency Proceeding.  Russian Counsel Declaration at Exhibits D and E.

5.    Upon entry of the Commencement Order, the DIA is responsible for timely verifying creditors' claims filed against the Bank, managing the Bank's estate, tracing and challenging transactions that did not benefit the estate, and pursuing actions against persons that contributed to the Bank's failure.

---

[2]    Prior to the execution of this Declaration and all other documents in connection with this chapter 15 case, I was provided with a Russian translation of the documents.

-2-

6. Accordingly, the DIA is authorized to act as the "foreign representative" of the Bank in this chapter 15 case.

## RECOGNITION AS A FOREIGN MAIN PROCEEDING

7. It is my belief that the Russian Insolvency Proceeding is currently the only insolvency proceeding with respect to the Bank.[3] At this time, the DIA does not intend to commence any additional foreign insolvency proceedings. This statement is made in satisfaction of the requirements of section 1515(c) of title 11 of the United States Code (the "Bankruptcy Code"), and will be timely supplemented if additional foreign ancillary proceedings are commenced.

8. I believe that the Russian Insolvency Proceeding is a "foreign main proceeding" as I have been advised that term is defined in sections 101(23) and 1502(4) of the Bankruptcy Code because, among other things, the registered office and headquarters of the Bank are located in Moscow, Russia. Additionally, a majority of all decisions were made in the Bank's Moscow office and substantially all of the Bank's creditors are located in Russia. Moscow is therefore presumed to be the center of main interests of the Bank as dictated by section 1516(c) of the Bankruptcy Code.

9. I believe that the Bank is eligible to be a "debtor" under section 109 of the Bankruptcy Code, because, among other things, the Bank has property located in the State of New York. Specifically, Blank Rome LLP maintains a bank account at Bank of America, N.A. in New York City to hold a certain unapplied retainer fee received from the Bank (through another US counsel) for legal services to be performed by Blank Rome LLP in respect of this chapter 15 proceeding. Additionally, Panabroker Protecting and Indemnity Association, S.A.

---

[3] While there are separate proceedings pending in Russia, in connection with the Russian Insolvency proceeding, I am advised that these proceedings are not within the meaning of a "foreign proceeding" as such term is defined under section 101(23) of the Bankruptcy Code.

-3-

("Panabroker"), a Panamanian company and an alleged creditor of the Bank, commenced an action in the United States District Court for the Southern District of New York (the "SDNY Litigation") against the Bank and the New York LLCs (as herein defined).[4] *See Panabroker Protecting and Indemnity Association, S.A. v. Vneshprombank, et al.*, Case No. 16-cv-02120 (ALC) (S.D.N.Y. 2016).

10. Accordingly, I have been informed that the Bank is eligible to be a debtor under section 109 of Bankruptcy Code and that venue is proper in this Court under applicable law. *See, e.g., In re Octaviar Admin. Pty Ltd.*, 511 B.R. 361, 373-74 (Bankr. S.D.N.Y. 2014); *see also* 28 U.S.C. § 1410.

11. As trustee and foreign representative of the Bank, the DIA has directed our United States counsel, including Blank Rome LLP to: (i) commence this chapter 15 case for the Bank; (ii) seek relief to prohibit parties from continuing, commencing or initiating litigation against the Bank, (iii) seek discovery concerning the Bank's assets which might be located in the United States; and (iv) seek such additional assistance as we may request from time to time to facilitate the Russian Insolvency Proceeding and the orderly administration of the Bank's affairs, including, without limitation, implementing and/or effectuating the Commencement Order.

**THE DIA'S NEED FOR DISCOVERY IN THE UNITED STATES**

12. The Bank is privately owned by, among others, Ms. Larisa Markus. Ms. Markus also served as the Bank's President, member of its Managing Board and Board of Directors.

---

[4] The Bank has not been served with Panabroker's complaint and has not answered or otherwise appeared in the SDNY Litigation.

13. On December 22, 2015, Ms. Markus was arrested on suspicion of a "large-scale" fraud. Upon information and belief, Ms. Markus caused the Bank to enter into lending agreements with affiliated companies that had no intention of repaying, and failed to repay, the money borrowed from the Bank.

14. As part of the investigation into the location of the Bank's money, it is believed that the funds embezzled by Ms. Markus found their way into the United States and were allegedly used, in part, to purchase New York real estate.

15. Specifically, as alleged in the SDNY Litigation, Ms. Markus created the following entities: (1) LM-31B, LLC; (2) LM-27D, LLC; (3) LM-24C, LLC; (4) LM-23H, LLC; (5) LM-20A, LLC; (6) LM-18W, LLC; (7) LM-10C, LLC; and (8) LM Management, LLC (collectively the "New York LLCs"). It is believed that Ms. Markus formed each of the New York LLCs for the purpose of purchasing a specific condominium or cooperative apartment unit in New York City. The funds used by the New York LLCs to purchase these properties is believed to have come from funds held by the Bank for its customers and was unlawfully transferred, directly or indirectly, by the Bank to the New York LLCs.

16. Based upon allegations made by Panabroker in its amended complaint filed in the SDNY Litigation, it appears that at least one of the properties has already been sold to a third-party. The whereabouts of the proceeds of such sale are today unknown.

17. If the property owned by the NY LLCs rightfully belongs to the Bank, it is property that should be turned over to the Bank for the benefit of all of the Bank's creditors. The DIA on behalf of the Bank intends to investigate further and determine whether the Bank has claims against the NY LLCs and other parties located in the United States that have knowledge regarding the Bank's assets.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed in Moscow, Russia
on December 19, 2016

_____
Name: Khalizev Aleksandr Victorovich
Title: Representative of the Financial Organizations' Liquidation Department

State Corporation "Deposit Insurance Agency," in its capacity as trustee and foreign representative of Foreign Economic Industrial Bank Limited, "Vneshprombank" Ltd.