**BLANK ROME LLP**
The Chrysler Building
405 Lexington Avenue
New York, NY 10174
(212) 885-5000
Rick Antonoff
Barry N. Seidel
Evan J. Zucker

*Attorneys for State Corporation "Deposit Insurance Agency" in its Capacity as Trustee and Foreign Representative for the Debtor*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**
----------------------------------------------------------------x

In re:

| | |
|---|---|
| **FOREIGN ECONOMIC INDUSTRIAL BANK LIMITED, "VNESHPROMBANK" LTD.**, | Chapter 15 |
| | Case No. 16-13534-mkv |
| Debtor in a Foreign Proceeding. | |

----------------------------------------------------------------x

**APPLICATION FOR ORDER SCHEDULING HEARING ON CHAPTER 15 PETITION AND SPECIFYING FORM AND MANNER OF SERVICE OF NOTICE OF HEARING**

The State Corporation "Deposit Insurance Agency" ("DIA"), the trustee and foreign representative of the Foreign Economic Industrial Bank Limited, "Vneshprombank" Ltd. (the "Bank" or "Debtor") in the Bank's insolvency proceeding (the "Russian Insolvency Proceeding") under the Federal Law № 127-FZ "On Insolvency (Bankruptcy)" (the "Russian Bankruptcy Law"), by United States counsel, Blank Rome LLP, in this ancillary case pursuant to Chapter 15 of title 11 of the United States Code (the "Bankruptcy Code"), respectfully represents as follows:

**BACKGROUND**

1.      On the date hereof, the DIA has commenced a chapter 15 case pursuant to section 1504 of the Bankruptcy Code by filing an *Official Form Petition* and a *Verified Petition Under Chapter 15 for Recognition of a Foreign Main Proceeding* (collectively, with all attachments, the "Petition") accompanied by all certifications, statements, lists and documents required pursuant to section 1515 of the Bankruptcy Code and Rule 1007(a)(4) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules").  The Petition seeks recognition of, and relief necessary to aid, a foreign main proceeding, as defined in sections 101(23) and 1502(4) of the Bankruptcy Code, which currently is pending in Russia.

2.      On January 21, 2016 the Central Bank of Russia revoked the Bank's license.

3.      On March 11, 2016, on application of the Central Bank of Russia, the Moscow Arbitration Court declared the Bank insolvent and commenced a bankruptcy proceeding under the Russian Bankruptcy Law (the "Commencement Order").  A copy of the Commencement Order is attached to the Russian Counsel Declaration as Exhibit A.  The Commencement Order appointed the DIA[1] as the trustee for the Bank.  Thereafter, in accordance with Russian Bankruptcy Law, the DIA on March 16, 2016 sent a report to the Moscow Arbitration Court designating Korzhenkova Natalia Igorevna as the authorized representative, with power of attorney, to act on behalf of the DIA in respect of the Russian Insolvency Proceeding.  Russian Counsel Declaration at Exhibit C.  On November 10 2016, the DIA sent a report to the Moscow Arbitration Court indicating that as of November 7, 2016 Khalizev Aleksandr Victorovich succeeded Ms. Korzhenkova as the authorized representative to act on behalf of the DIA in

---

[1]     The DIA is a Russian state corporation providing bank deposit insurance for Russian licensed banks and acts as a trustee for banks in liquidation.

2

respect of the Russian Insolvency Proceeding. Russian Counsel Declaration at Exhibits D and E. The Russian Insolvency Proceeding remains pending.

4. Upon entry of the Commencement Order, and in accordance with the Russian Bankruptcy Law, the DIA was designated as the Bank's trustee charged with overseeing Bank's liquidation including verifying creditors' claims, managing the bankruptcy estate, tracing and challenging transactions that did not benefit the estate, and pursuing actions against persons that contributed to the Bank's failure. Accordingly, the DIA is authorized to act as "foreign representative" of the Company in this chapter 15 case.[2]

## JURISDICTION AND VENUE

5. This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334, sections 109 and 1501 of the Bankruptcy Code, and the *Standing Order of Referral of Cases to Bankruptcy Judges* of the United States District Court for the Southern District of New York (Ward, Acting CJ.), dated July 10, 1984 and *Amended Standing Order of Reference M-431* dated January 31, 2012 (Preska, Acting CJ). This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(P).

## RELIEF REQUESTED

6. The statutory bases for the relief requested herein are sections 105, 1514 and 1515 of the Bankruptcy Code and Bankruptcy Rules 2002 and 9007.

7. This application (the "Application") requests entry of an order in the form annexed hereto as **Exhibit "A"** (the "Proposed Notice Order"): (i) approving the notice of the filing, substantially in the form annexed hereto as **Exhibit "B"** (the "Notice"), to be provided by

---

[2] Additional information concerning the current status of the Russian Insolvency Proceeding and the DIA can be found in the (i) *Verified Petition Under Chapter 15 For Recognition of Foreign Main Proceeding*, (ii) *Declaration of Sergey Sokolov (Russian Bankruptcy Counsel) in Support of Verified Petition Under Chapter 15 for Recognition of Foreign Main Proceeding*, and (iii) *Declaration of Khalizev Aleksandr Victorovich on Behalf of the Deposit Insurance Agency, as Foreign Representative, Pursuant to 11 U.S.C. § 1515 and in Support of Verified Petition and Recognition Hearing*.

3

the DIA and providing notice of DIA's intent to rely on foreign law pursuant to Fed. R. Civ. P. 44.1, namely the Russian Bankruptcy Law and related Russian laws; (ii) setting a hearing on the relief sought in the Petition (the "Recognition Hearing"), and (iii) specifying the form the manner of service of the Notice.

## BASIS FOR RELIEF

I.   **FORM AND MANNER OF NOTICE**

   8.   Bankruptcy Rule 2002(q)(1) provides that:

   > After the filing of a petition for recognition of a foreign proceeding, the court shall promptly schedule and hold a hearing on the petition. The clerk, or some other person as the court may direct, shall forthwith give the debtor, all persons or bodies authorized to administer foreign proceedings of the debtor, all entities against whom provisional relief is being sought under §1519 of the Code, all parties to litigation pending in the United States in which the debtor is a party at the time of the filing of the petition, and such other entities as the court may direct, at least 21 days' notice by mail of the hearing. The notice shall state whether the petition seeks recognition as a foreign main proceeding or foreign nonmain proceeding and shall include the petition and any other document the court may require.

Fed. R. Bankr. P. 2002(q)(1).

   9.   As set forth more fully in the Petition, the Bank is currently a party (albeit a party not yet served) to a pending litigation in the United States, specifically the litigation encaptioned as *Panabroker Protecting and Indemnity Association, S.A. v. Vneshprombank, et al.*, Case No. 16-cv-02120 (ALC) (S.D.N.Y. 2016) (the "SDNY Litigation"). Consistent with the requirements of Bankruptcy Rule 2002(q)(1), the DIA proposes serving the Notice and Petition on the following (collectively, the "Chapter 15 Notice Parties"): (i) plaintiffs and co-defendants in the SDNY Litigation (and their respective counsel); and (ii) the Office of the United States Trustee for the Southern District of New York.

10. Although Bankruptcy Rule 2002(q) provides that the parties identified therein must receive at least 21 days' notice by mail of the hearing on the petition for recognition of a foreign proceeding, it fails to specify the form and manner in which such notice must be given. Therefore, pursuant to Bankruptcy Rules 2002(m) and 9007, this Court may specify such form and manner of notice.[3]

11. Additionally, as set forth in section 1514(a) and (b), where notice is required to be given to creditors with foreign addresses, the court may approve a form of notice, other than mailing, where under the circumstances such other form would be more appropriate. The Bank has more than 11,000 creditors with foreign addresses. Currently, these creditors receive notice of the Russian Insolvency Proceeding through Russia's Unified Federal Register of Bankruptcy Data.[4] Accordingly, the DIA submits, that where notice is requested to creditors with a foreign address, publication in Russian in the Unified Federal Register of Bankruptcy Data is not only more appropriate but more efficient, economical and in the best interest of the Bank's estate.

12. Therefore, the DIA will publish, within seven days of entry of the Proposed Notice Order, the Notice and Petition, translated into Russian, in the Unified Federal Register of Bankruptcy Data, in accordance with Russian Bankruptcy Law, to provide notice of legal filings (the "<u>Notice by Publication</u>"). *See* Russian Counsel Declaration at ¶ 10.

13. The DIA respectfully submits that service of (i) the Notice and (ii) the Petition (and all exhibits and declarations filed contemporaneously with the Petition), by United States mail, first-class postage prepaid, upon the Chapter 15 Notice Parties in accordance with

---

[3] Bankruptcy Rules 2002(m) and 9007 provide, among other things, that when notice is to be given under the Bankruptcy Rules, the court shall designate the form and manner in which such notice shall be given (provided the Bankruptcy Rules do not otherwise specify the appropriate form and manner of such notice). *See* Fed. R. Bankr. P. 2002(m) and 9007.

[4] The Unified Federal Register of Bankruptcy Data can be found at: http://www.bankrot.fedresurs.ru/

Bankruptcy Rule 2002(k) and (q) and Local Bankruptcy Rules 2002-1, 9006-1(b) and 9013-1(b) within seven days of entry of the Proposed Notice Order, and the Notice by Publication, within seven days of entry of the Proposed Notice Order, constitutes adequate and sufficient notice of this chapter 15 case, the relief sought in the Petition, the time fixed for filing objections to the relief sought in the Petition, and the time, date and place of the Recognition Hearing.

14. Section 1514(c) of the Bankruptcy Code states that when "a notification of commencement of a case is to be given to foreign creditors, such notification shall (1) indicate the time period for filings proofs of claim and specify the place for filing such proofs of claim; [and] (2) indicate whether secured creditors need to file proofs of claim..." 11 U.S.C. § 1514(c). As explained in a leading treatise on bankruptcy law, section 1514(c) is the "last in a series of sections dealing with the international aspects of cases under <u>chapters other than chapter 15</u> that began with section 1511." 8 COLLIER ON BANKRUPTCY ¶ 1514.01 (16th ed.) (emphasis added). The DIA respectfully requests that the requirements set forth in section 1514(c) of the Bankruptcy Code are inapplicable to this chapter 15 case. First, the DIA has not sought to commence a case of liquidation or reorganization under the Bankruptcy Code. Second, the time within which creditors may file a claim in the Russian Insolvency Proceeding to be included in the registry of creditors has expired. The Bank's other creditors may still file untimely claims until the end of insolvency proceeding, but such claims if accepted will not be included in the registry of creditors and such creditors will be paid from the balance of the estate (if any) only after all "registered" claims are satisfied in full.

II. **SCHEDULING RECOGNITION HEARING**

15. Section 1517(c) of the Bankruptcy Code provides that a petition for recognition shall be decided "at the earliest possible time." Moreover, Bankruptcy Rule 2002(q)(1) provides that parties are to be given 21 days notice of a hearing on a chapter 15 petition. *See* Fed. R.

6

Bankr. P. 2002(q)(1). Finally, Bankruptcy Rule 1012(b) provides that a party responding to a petition has until "no later than seven days before the date set for the hearing on the petition, unless the court prescribes some other time," to file an objection or a response. *See* Fed. R. Bankr. P. 1012(b).

16. In light of the foregoing requirements, the DIA respectfully submits that it is appropriate to set the Recognition Hearing Date, subject to the Court's calendar, on not less than 21 days after service of the Petition and Notice.

## NO PRIOR REQUEST

17. No previous request for the relief requested herein has been made to this or any other court.

**WHEREFORE**, the DIA respectfully requests (i) entry of an order in the form of the Proposed Notice Order attached hereto (a) setting a hearing date for the Recognition Hearing, and (b) approving the form of Notice and the manner of service of the Notice and the Petition; and (ii) granting DIA such other and further relief as may be just and proper.

Dated: New York, New York
      December 19, 2016         BLANK ROME LLP

                                      By:   /s/ Evan J. Zucker
                                                Rick Antonoff
                                                Barry N. Seidel
                                                Evan J. Zucker
                                                The Chrysler Building
                                                405 Lexington Avenue
                                                New York, NY 10174
                                                (212) 885-5000

                                                *Attorneys for State Corporation "Deposit*
                                                *Insurance Agency" in its Capacity as Trustee and*
                                                *Foreign Representative for the Debtor*