**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**
------------------------------------------------------------------x
In re:

      **FOREIGN ECONOMIC**　　　　　　　　　　　Chapter 15
      **INDUSTRIAL BANK LIMITED,**
      **"VNESHPROMBANK" LTD.**,　　　　　　　　Case No. 16-13534 (MKV)

                      Debtor in a Foreign Proceeding.
------------------------------------------------------------------x

**ORDER GRANTING RECOGNITION AND RELIEF IN AID OF A FOREIGN**
**MAIN PROCEEDING PURSUANT TO 11 U.S.C. §§ 105(a), 1517, 1520 AND 1521**

Upon a hearing having been held before this Court on February 10, 2017 (the "Hearing") to consider the *Verified Petition Under Chapter 15 for Recognition of a Foreign Main Proceeding* and the *Official Form 401- Chapter 15 Petition for Recognition of a Foreign Proceeding* (collectively, the "Petition")[1] (i) commencing this chapter 15 case and (ii) seeking recognition of the Russian Insolvency Proceeding commenced against Foreign Economic Industrial Bank Limited, "Vneshprombank" Ltd. (the "Bank") under Russian Federal Law № 127-FZ "On Insolvency (Bankruptcy)" (the "Russian Bankruptcy Law") as a "foreign main proceeding" under chapter 15 of the Bankruptcy Code [ECF No. 2]; and the Court having considered and reviewed all pleadings, exhibits, declarations and other documents filed in connection with and in support of the Petition (collectively the "Supporting Documents") submitted by the State Corporation "Deposit Insurance Agency," the foreign representative of the Bank in the Russian Insolvency Proceeding (the "Foreign Representative"); and it appearing that due and timely notice of the filing of the Petition and the Hearing has been given by Foreign Representative consistent with this

---

[1]     Capitalized terms not otherwise defined herein shall have the meaning ascribed to them in the Petition.

1

Court's previous orders scheduling a hearing on the Petition, dated December 23, 2016 [ECF No. 10] and January 25, 2017 [ECF No. 13]; and such notice appearing to be adequate for all purposes such that no other or further notice thereof need be given; and this Court having reviewed and considered Panabroker's objection [ECF No. 16], the NY LLC's response [ECF No. 15], and the Reply of State Corporation "Deposit Insurance Agency" [ECF No. 20]; and all interested parties having had due and proper notice and an opportunity to be heard;[2] and the Court having heard argument by counsel appearing at the Hearing; and after due deliberation and sufficient cause appearing therefore, the Court makes the following findings of fact and conclusions of law[3]:

    A.    Pursuant to 11 U.S.C. § 1514, appropriate and timely notice of the filing of the Petition and the Hearing was given by Foreign Representative to all known creditors, and such notice is sufficient, and no other or further notice is necessary or required.

    B.    Other than as noted in footnote 2, all interested parties had an opportunity to be heard at the Hearing.

    C.    Any objection or other responses are hereby overruled.

---

[2] The Hearing originally scheduled on January 31, 2017 was adjourned to February 9, 2017 on consent of the parties and the Court. In anticipation the Court being closed on the adjourned date due to weather conditions, on February 8, 2017, the Court requested counsel to adjourn the Hearing to February 10, 2017. Counsel notified the parties but inadvertently did not notify the United States Trustee (the "U.S. Trustee"). The U.S. Trustee was not aware that the Hearing occurred on February 10, 2017 and for that reason did not attend the Hearing. The U.S. Trustee has since been apprised by counsel of the results of the Hearing, has confirmed that he has no objection to the relief and has reviewed and provided comments to the form of this Order.

[3] The findings and conclusions set forth herein constitute this Court's findings of fact and conclusions of law pursuant to Rule 7052 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), made applicable to this proceeding pursuant to Bankruptcy Rule 9014. To the extent any of the following findings of fact constitute conclusions of law, they are adopted as such. To extent any of the following conclusions of law constitute findings of fact, they are adopted as such.

2

D. This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334, and 11 U.S.C. §§ 109 and 1501.

E. Venue of this proceeding is proper in this judicial district pursuant to 28 U.S.C. § 1410.

F. This is a core proceeding under 28 U.S.C. §§ 157(b)(2)(P).

G. Foreign Representative has satisfied the requirements of 11 U.S.C. § 1515 and Fed. R. Bank. P. 1007(a)(4) and demonstrated that:

(i) the Bank is subject to a pending foreign proceeding within the meaning of 11 U.S.C. § 101(23);

(ii) the Russian Insolvency Proceeding is pending in Moscow, Russia, where the Bank's center of main interests is located, and, accordingly, the Russian Insolvency Proceeding is a "foreign main proceeding" pursuant to 11 U.S.C. §1502(4) and is entitled to recognition as a foreign main proceeding pursuant to 11 U.S.C. §1517(b)(1);

(iii) Foreign Representative is the foreign representative of the Bank within the meaning of 11 U.S.C § 101(24);

(iv) the chapter 15 case was properly commenced pursuant to 11 U.S.C. §§ 1504 and 1515;

(v) the Petition satisfies the requirements of 11 U.S.C. § 1515;

(vi) the relief granted hereby is necessary and appropriate; and

(vii) recognition is not manifestly contrary to the public policy of the United States

**NOW, THEREFORE, IT IS HEREBY:**

3

**ORDERED**, that the Russian Insolvency Proceeding is granted recognition pursuant to 11 U.S.C. §§ 1517(a) and 1517(b)(1); and it is further

**ORDERED**, that all relief afforded to a foreign main proceeding pursuant to 11 U.S.C. § 1520 is granted; and it is further

**ORDERED**, that the Foreign Representative may request additional assistance pursuant to 11 U.S.C. § 1507; and it is further

**ORDERED**, that the Commencement Order is recognized by this Court and applicable to the Bank's creditors located in the territorial jurisdiction of the United States; and it is further

**ORDERED**, that 11 U.S.C. §§ 361 and 362 apply with respect to the Bank and the property of the Bank that is currently within, or may be brought in, the territorial jurisdiction of the United States (the "Assets"); and it is further

**ORDERED**, that consistent with 11 U.S.C. § 1520(a)(1) all persons and entities are hereby enjoined from:

(i) executing against any Assets;

(ii) commencing or continuing any litigation or any actions to undertake the enforcement in the United States of any legal proceeding (including, without limitation arbitration, or any judicial, quasi-judicial, administrative or regulatory action, assessment, proceeding or process or any actions related thereto including discovery) ("Actions"), including without limitation, the Action *styled Panabroker Protecting Indemnity Association v. Vneshprombank, LM Realty 31B, lm Realty 27D, LLC, LM Realty 24C, LLC, LM Realty 23H, LLC, LM Realty 20A, LLC, LM Realty 18 West, LLC, LM Realty 10C, (f/k/a One Riverside Park Realty, LLC), LM Property Management LLC*, Case No. 16-02120 (ALC), pending in the United

4

    States District Court for the Southern District of New York, or taking any other Actions against or involving Foreign Representative (in Foreign Representative's capacity as foreign representative of the Bank) and any Assets or any rights, obligations or liabilities of the Bank;

(iii) securing or enforcing any judicial, quasi-judicial, administrative or regulatory judgment, assessment, attachment, order or arbitration award against the Bank or Foreign Representative (with respect to the Bank), or any Assets;

(iv) commencing or continuing any Action to create, perfect or enforce any lien, setoff, attachment, or other claim against the Bank, Foreign Representative (with respect to the Bank), or any of the Assets;

(v) continuing any Action or commencing any additional Action, including discovery, involving the Bank, its Assets, or Foreign Representative (with respect to the Bank); or

(vi) enforcing any judicial, quasi-judicial, administrative or regulatory judgment, assessment or order or arbitration award against the Bank or its Assets;

and it is further;

  **ORDERED**, that the Foreign Representative is authorized to continue or commence actions in the federal or state courts of the United States pursuant to section 1509(b); and it is further

  **ORDERED**, that subject to the procedures set forth in this Order, the Foreign Representative is authorized, pursuant to section 1521(a)(4), to examine witnesses and take evidence concerning the Bank's assets, affairs, rights, obligations or liabilities; and it is further

**ORDERED**, that prior to the examination of a witness and the issuance of discovery requests upon a party, the Foreign Representative shall first meet and confer with such party; if the parties cannot agree upon the terms of the subpoena and proposed discovery requests, the Foreign Representative may apply to this Court, on notice to such other party and the U.S. Trustee, for authority to issue any subpoenas and discovery requests and all of such party's rights to object, move to quash a subpoena, or seek related relief under applicable law, including but not limited to section 1522(a) are preserved; and it is further

**ORDERED**, that all of the rights afforded to creditors and other parties in interest under chapter 15 are preserved; and it is further

**ORDERED**, that the Foreign Representative is entrusted with the administration or realization of all or part of the Assets of the Bank within the territorial jurisdiction of the United States; and it is further

**ORDERED**, that this Order shall be served upon all known parties in interest (or their counsel) as identified in the Bank's Lists filed in connection with the Petition and upon any party that has filed a notice of appearance in this case, and upon the U.S. Trustee, by electronic mail or by facsimile transmission, or by courier or in the event service by electronic mail or facsimile cannot be accomplished, then by either United States mail, first class postage prepaid or overnight delivery service; and upon any other interested party that becomes known to Foreign Representative at such time as they are sufficiently identified, by United States mail, first class postage prepaid or by courier or by email within three (3) business days following the time any such party is identified by Foreign Representative; and it is further

**ORDERED**, that service in accordance with this Order shall constitute adequate and sufficient service and notice; and it is further

6

**ORDERED**, that Foreign Representative and all parties in interest shall, unless otherwise ordered by this Court, retain the right at any point to seek further relief from this Court that may be necessary to implement the Russian Insolvency Proceeding and/or to effectuate the purposes of chapter 15; and it is further

**ORDERED**, that this Court shall retain jurisdiction with respect to all matters arising from or related to the implementation of this Order.

Dated: New York, New York
       February 15, 2017

                                                *s/ Mary Kay Vyskocil*
                                                HONORABLE MARY KAY VYSKOCIL
                                                UNITED STATES BANKRUPTCY JUDGE