# EXHIBIT A

At IAS Part 7 of the Supreme Court of
the State of New York, County of New
York, located at 60 Centre Street, New
York, New York 10007 on the 28th day
of ~~February~~ 2018.
             MARCH

PRESENT:

    Hon. GERALD LEBOVITS, J.S.C.

---------------------------------------------------------------------x

40 Broad Street Portfolio, LLC,

                Plaintiff,                Index No. 850252/2017

    —against—

                                              ORDER AND JUDGMENT
LM Realty 20A, LLC,                                    OF FORECLOSURE
Board of Managers of The Setai Condominium         AND SALE
Residences at 40 Broad Street,
New York State Department of Taxation and Finance,
and "JOHN DOE #1" through "JOHN DOE #12,"
the last twelve names being fictitious and unknown       MORTGAGED
to plaintiff, the persons or parties intended being the     PREMISES:
tenants, occupants, persons or corporations, if any,
having or claiming an interest in or lien upon the       40 Broad Street
premises, described in the complaint,                    Unit 20A
                                                                 New York, NY 10004

                Defendants.                Block 24 Lot 1069
---------------------------------------------------------------------x

    In this action for mortgage foreclosure as to an unoccupied residential

condominium unit, plaintiff 40 Broad Street Portfolio, LLC having moved pursuant to

CPLR 3215 for an order granting a default judgment in plaintiff's favor and against

defendants upon their failure to appear or plead as to the complaint duly served; and

pursuant to RPAPL 1321 for an order ascertaining and determining the amount due, or,

16-13534-mg    Doc 68-1    Filed 01/02/19    Entered 01/02/19 14:51:48    Exhibit A-Order and Judgment of Foreclosure and Sale    Pg 3 of 16

FILED: NEW YORK COUNTY CLERK 10/26/2018 02:05 PM                                INDEX NO. 850252/2017
NYSCEF DOC. NO. 30                                                              RECEIVED NYSCEF: 10/26/2018

alternatively, directing a referee to compute the amount due to the plaintiff and to examine and report whether the mortgaged premises can be sold in one or more parcels and for such other and further relief as may be just and proper;

Upon the summons dated November 1, 2107 and filed November 2, 2017, the verified complaint dated October 10, 2017 and filed November 2, 2017, the notice of pendency of this action dated November 1, 2017 and filed on November 2, 2017 in the office of the Clerk of the County of New York and due proof that all defendants have been duly served with said process and upon the notice of motion dated January 21, 2018 and filed January 22, 2018 and the affirmation of Andrew P. Saulitis sworn to December 27, 2017 and its exhibits filed January 22, 2018, and upon all papers filed and proceedings had in this action to foreclose a mortgage, and plaintiff having duly moved for the relief granted hereby, and no opposition to the motion having been filed, and the motion having duly come on for hearing by the Court and due deliberation having been had thereon, and the Court having made its order dated February 6, 2018 and filed February 14, 2018 granting the motion without opposition, and it appearing that plaintiff is entitled to the relief sought thereby;

Now, upon motion of Halperin Battaglia Benzija, LLP, attorneys for plaintiff; it is ORDERED that plaintiff's motion is granted without opposition; and it is further ORDERED ~~AND DECREED~~ and that pursuant to RPAPL 1321 (1) the Court has ascertained and determines that the amount due plaintiff by defendant LM Realty 20A,

-2-

16-13534-mg    Doc 68-1    Filed 01/02/19    Entered 01/02/19 14:51:48    Exhibit A-Order and Judgment of Foreclosure and Sale    Pg 4 of 16

FILED: NEW YORK COUNTY CLERK 10/26/2018 02:05 PM                INDEX NO. 850252/2017
NYSCEF DOC. NO. 30                                              RECEIVED NYSCEF: 10/26/2018

LLC on the underlying mortgage note is $283,333.33 with accrued interest thereon at rate of 12% per annum since August 1, 2017; and it is further

ORDERED AND DECREED that pursuant to RPAPL 1321, the mortgaged property, a single condominium unit, be sold as a single parcel; and it is further

ORDERED that a default judgment pursuant to CPLR 3215 in favor of plaintiff and against defendants LM Realty 20A, LLC, Board of Managers of The Setai Condominium Residences at 40 Broad Street and New York State Department of Taxation and Finance be and hereby is granted as to the claims described in the plaintiff's verified complaint; and it is further

ORDERED that the caption of this action be amended to strike as defendants "JOHN DOE #1" through "JOHN DOE #12," there being no occupants of the mortgaged premises, and so that the action is discontinued as against them, all without prejudice to any of the proceedings had herein or to be had; and it is further

ORDERED, that the amended caption of the action appear as follows:

----------------------------------------------------------------x
40 Broad Street Portfolio, LLC,

                Plaintiff,

  —against—

LM Realty 20A, LLC, Board of Managers of The Setai
Condominium Residences at 40 Broad Street and
New York State Department of Taxation and Finance,

                Defendants.
----------------------------------------------------------------x

16-13534-mg    Doc 68-1    Filed 01/02/19    Entered 01/02/19 14:51:48    Exhibit A-Order and Judgment of Foreclosure and Sale    Pg 5 of 16

FILED: NEW YORK COUNTY CLERK 10/26/2018 02:05 PM                         INDEX NO. 850252/2017
NYSCEF DOC. NO. 30                                                       RECEIVED NYSCEF: 10/26/2018

and it is further

ORDERED, ADJUDGED AND that the mortgaged premises, and any and all personal property in which the plaintiff has a security interest, as described in the mortgage or such part of the real property thereof as may be sufficient to discharge the mortgage debt, the expense of the sale and the costs of this action as provided by the Real Property Actions and Proceedings Law be sold at public auction in the rotunda of the courthouse located at 60 Centre Street, New York, New York by and under the direction of Ricardo Enrique Oquendo, Esq., 380 Lexington Ave, Suite 1773, NY, NY 10168 who is hereby appointed Referee for that purpose; that the said Referee give public notice of the time and place pursuant to RPAPL 1321 (1) of such sale according to law and the practice of this Court in an official publication; and it is further

ORDERED, ADJUDGED AND that purchaser shall pay for all deed stamps and transfer taxes resulting from the sale; and it is further

ORDERED, ADJUDGED AND that the plaintiff or any other parties to this action may become the purchaser or purchasers at such sale; that in case the plaintiff shall become the purchaser at the said sale, it shall not be required to make any deposit thereon; that said Referee execute to the purchaser or purchasers on such sale a deed of the premises sold subject to the purchaser paying all transfer taxes and recording charges and that such Referee on receiving the proceeds of sale shall deposit the proceeds of sale in an approved depositary under the control of said Referee and shall thereafter make the following payments and checks drawn for that purpose:

*[Signed: HON. GERALD LEBOVITS, J.S.C.]*

FIRST: Referee shall pay the sum of $500.00 as allowed by CPLR 8003 to the Referee as referee fee herein;

SECOND: The expenses of sale, including posting and advertising;

THIRD: Referee shall pay the amount of any lien or liens upon the premises to be sold at the time of such sale for taxes, assessments, water rates, and sewer rents, together with such interest or penalties as may lawfully have accrued thereon to date of payment, together with any and all sums which may be necessary to redeem the property so sold from any and all sales, unpaid taxes, assessments, and water rates, which have not apparently become absolute, and such other amounts as may be required by RPAPL 1354, plus and advances which plaintiff has made for taxes, insurance and otherwise to maintain the premises pending the consummation of this sale;

FOURTH: Referee. shall pay to the plaintiff or its attorneys, the sum of $(WAIVED) for costs and disbursements to be taxed by the Clerk of Court and inserted herein, with interest thereon from the date hereof, together with an additional allowance of $300 hereby awarded to the plaintiff in addition to costs and disbursements with interest thereon from the date hereof and also the principal sum of $283,333.33 and interest thereon at the rate of 12% per annum since August 1, 2017 in the mount of $ 42,010.96 as computed by the Clerk of Court and inserted herein being the amount determined to be due, making in all the sum of $ 325,344.29 as of the date of entry hereof by the Clerk of Court, together with interest at the contract rate of 12% upon the principal from the date of entry hereof;

16-13534-mg    Doc 68-1    Filed 01/02/19    Entered 01/02/19 14:51:48    Exhibit A-Order
and Judgment of Foreclosure and Sale    Pg 7 of 16

FILED: NEW YORK COUNTY CLERK 10/26/2018 05:07 PM    INDEX NO. 850252/2017
NYSCEF DOC. NO. 30    RECEIVED NYSCEF: 10/26/2018

FIFTH: That if the Referee intends to apply for a further allowance for referee's fees, Referee may leave on deposit such additional allowance to await the application duly made; and it is further

ORDERED, ADJUDGED AND ~~DECREED~~ that the Referee deposit the surplus money, if any, with the New York County Clerk within five (5) business days after the same shall have been received and be ascertainable to the credit of this action, to be withdrawn only on the written order of this Court, that said Referee make referee's report of such sale under oath showing the disposition of the proceeds of sale and file the same with the Clerk of this County within thirty (30) days after completing the sale and executing the proper conveyance to the purchaser, and that if the proceeds of such sale be insufficient to pay the amount determined to be due the plaintiff with interest and costs as aforesaid, the plaintiff recover of defendant LM Realty 20A, LLC the whole deficiency or so much thereof as the Court may determine to be just and equitable of the mortgage debt remaining unsatisfied after t\e sale of the mortgaged premises and the application of the proceeds thereof, provided a motion for a deficiency judgment shall be made as prescribed by RPAPL 1371 within the time limited therein, and the amount thereof is determined and awarded by an order of this Court as provided for in said action; and it is further

ORDERED, ADJUDGED AND ~~DECREED~~ that the purchaser or purchasers of such sale be let into possession on production of the Referee's Deed; and it is further

-6-

16-13534-mg    Doc 68-1    Filed 01/02/19    Entered 01/02/19 14:51:48    Exhibit A-Order and Judgment of Foreclosure and Sale    Pg 8 of 16

FILED: NEW YORK COUNTY CLERK 10/26/2018 02:05 PM                                INDEX NO. 850252/2017
NYSCEF DOC. NO. 30                                                              RECEIVED NYSCEF: 10/26/2018

ORDERED, ADJUDGED AND that in case the plaintiff or an affiliate of plaintiff shall become the purchaser of the premises directed to be sold as aforesaid or in the event that the rights of purchaser at said sale and the terms under this judgment shall be assigned to or acquired by the plaintiff or plaintiff's affiliate, and a duly executed assignment thereof in writing be filed with the Referee, said referee shall not require the plaintiff to pay in cash the entire amount bid at such sale, but shall execute and deliver to the plaintiff a deed of the premises sold, upon payment to the Referee of the amounts specified above in the paragraphs marked "FIRST," "SECOND" and "THIRD" or in lieu of the payment of the said last-mentioned amounts, upon filing with said Referee receipts of the proper municipal authorities showing the payment thereof.

That the balance of the amount bid after deducting the aforesaid amounts paid by the plaintiff for referee's fees, advertising expenses and taxes, assessments, water rates, sewer rents, any interest and penalties thereon, and any other amounts required by RPAPL 1354, shall be allowed to the plaintiff as specified in paragraph "FOURTH" above. That if after so applying the balance of the amount paid, there shall be a surplus over and above the amounts due to the plaintiff, the plaintiff shall pay to the said Referee, upon deliver to it of the Referee's Deed, the amount of such surplus. That said Referee, in receiving said several amounts from the plaintiff, shall then deposit the balance with such depository as hereinabove directed; and it is further

ORDERED, ADJUDGED AND that in the event a party other that the plaintiff becomes the purchaser or purchasers at such sale they shall be required to tender

a deposit of 10% of the purchase price in immediately available or certified funds and the closing of title shall be had thirty days after such sale unless otherwise stipulated by all parties to the sale in writing; and it is further

ORDERED, ADJUDGED AND that the defendants in this action and all persons claiming under them subsequent to the filing of the notice of pendency of this action be and they are forever barred and foreclosed of all right, title, claim, lien and equity of redemption in the said mortgaged premises and in each and every part and parcel thereof upon the sale of the mortgaged premises pursuant to this judgment.

A description of the heretofore mentioned is annexed hereto and incorporated herein and marked Schedule "A", said premises being the Condominium Unit (the "Unit") in the building (the "Building") known as The Setai Condominium Residences at 40 Broad Street and by the street number 40 Broad Street, New York, New York, 10004, Borough of Manhattan, City, County and State of New York said Unit being designated and described as Unit No. 20A in that certain declaration dated as of June 18, 2008, made by Grantor, Declarant, pursuant to Article 9-B of the Real Property Law of the State of New York (the "Condominium Act"), establishing condominium ownership of the Building and the land (the "Land") upon which the Building is situate, which declaration was recorded in the New York County Office of the Register of the City of New York (the "City Register's Office") on June 24, 2008 as CRFN 2008000253168, (which declaration, and any amendments thereto, collectively called the "Declaration"). The Unit is also designated as Tax Lot 1069 in Block 24 of the Borough of Manhattan on the Tax

-8-

16-13534-mg    Doc 68-1    Filed 01/02/19    Entered 01/02/19 14:51:48    Exhibit A-Order and Judgment of Foreclosure and Sale    Pg 10 of 16

FILED: NEW YORK COUNTY CLERK 10/26/2018 02:05 PM                                INDEX NO. 850252/2017
NYSCEF DOC. NO. 30                                                              RECEIVED NYSCEF: 10/26/2018

Map of the Real Property Assessment Bureau of the City of New York and on the Floor Plans of the Building, certified by HH Building Consulting & Architecture, P.C. on June 18, 2008, as Condominium Plan No. 1912 and also filed in the City Register's Office on June 24, 2008, as Condominium Plan No. 1912, together with an undivided 0.38935% percentage interest in the Common Elements (as such term is defined in the Declaration) of the Setai Condominium Residences at 40 Broad Street; and it is further

ORDERED, ADJUDGED AND ~~DECREED~~ that the mortgage foreclosed upon is that certain Mortgage dated January 20, 2016 on the property in favor of plaintiff as duly recorded in the Office of the City Register of the City of New York on February 8, 2016 under City Register File Number CRFN 2016000042927; and it is further

ORDERED, ADJUDGED AND ~~DECREED~~ that the premises be sold in a single parcel subject to:

(a) Covenants, restrictions, and agreements of record, if any,

(b) All obligations under the Condominium Project's constituent documents including without limitation the (i) Declaration or any other document which creates the Condominium Project; (ii) by-laws and house rules, if any; (iii) code of regulations: and (iv) other equivalent documents and any amendments thereto;

(c) All outstanding obligations to condominium association to the extent not discharged hereby and any procedures for approval of purchaser;

(d) Any state of facts an accurate survey and physical inspection might show;

16-13534-mg    Doc 68-1    Filed 01/02/19    Entered 01/02/19 14:51:48    Exhibit A-Order and Judgment of Foreclosure and Sale    Pg 11 of 16

FILED: NEW YORK COUNTY CLERK 10/26/2018 02:05 PM        INDEX NO. 850252/2017
NYSCEF DOC. NO. 30                                      RECEIVED NYSCEF: 10/26/2018

(e) Existing tenancies and/or occupancies, if any;

(f) Violations, zoning regulations, and ordinances of any state, city, county, borough or municipality in which said premises lie;

(g) Statutory right of the United States of America to redeem within one hundred twenty (120) days from the date of sale, if any;

(h) Statutory provisions of CPLR 317;

(i) Any and all prior mortgages, liens and encumbrances; and

(j) Rights of the public and others in and to any part of the premises that lies within the bounds of any street, alley, highway, right of way or road, air rights, restrictions and easements of record.

ENTER:

3/28/18

HON. GERALD LEBOVITS
J.S.C.

_____
Clerk

FILED
OCT 26 2018
COUNTY CLERK'S OFFICE
NEW YORK

Plaintiff's Address:

40 Broad Street Portfolio, LLC
3 Dawson Court
Islandia, New York 11749

-10-

16-13534-mg    Doc 68-1    Filed 01/02/19    Entered 01/02/19 14:51:48    Exhibit A-Order
and Judgment of Foreclosure and Sale    Pg 12 of 16

FILED: NEW YORK COUNTY CLERK 10/26/2018 02:05 PM                           INDEX NO. 850252/2017
NYSCEF DOC. NO. 30                                                          RECEIVED NYSCEF: 10/26/2018

| 1ST EQUITY™ | Foreclosure Search |
|---|---|
| | Title No.: 116844-NY |
| Schedule A — Legal Description | |

The Condominium Unit (hereinafter called the "Unit") in the building (hereinafter called the "Building") known as The Setai Condominium Residences at 40 Broad Street and by the street number 40 Broad Street, New York, New York, 10004, Borough of Manhattan, City, County and State of New York said Unit being designated and described as Unit No. 20A in that certain declaration dated as of June 18, 2008, made by Grantor, Declarant, pursuant to Article 9-B of the Real Property Law of the State of New York (hereinafter called the "Condominium Act"), establishing condominium ownership of the Building and the land (hereinafter called the "Land") upon which the Building is situate, which declaration was recorded in the New York County Office of the Register of the City of New York (the "City Register's Office") on 06/24/2008 as CRFN 2008000253168, (which declaration, and any amendments thereto, are hereinafter collectively called the "Declaration"). The Unit is also designated as Tax Lot 1069 in Block 24 of the Borough of Manhattan on the Tax Map of the Real Property Assessment Bureau of The City of New York and on the Floor Plans of the Building, certified by HH Building Consulting & Architecture, P.C. on 06/18/2008, as Condominium Plan No. 1912 and also filed in the City Register's Office on 06/24/2008, as Condominium Plan No. 1912.

Together with an undivided 0.38935% percentage interest in the Common Elements (as such term is defined in the Declaration) of the Setai Condominium Residences at 40 Broad Street.

DESCRIPTION OF THE LAND:

BEGINNING at a point in the easterly line of New Street, distant 87 feet 11 5/8 inches southerly from the corner formed by the intersection of the southerly line of Exchange Place with the easterly line of New Street;

RUNNING THENCE easterly along a line forming an angle of 79 degrees 52 minutes 50 seconds on its southerly side with the easterly line of New Street, said line being along the southerly face of the southerly wall of the building on premises adjoining to the north, 43 feet 4 3/8 inches;

THENCE still easterly along a line forming an angle of 179 degrees 20 minutes 05 seconds on its northerly side with the preceding course, said line being along the southerly face of the southerly wall of the building on premises adjoining to the north, 102 feet 7½ inches to the westerly line of Broad Street;

THENCE southerly along the westerly line of Broad Street, 40 feet 6¼ inches to an angle point therein;
THENCE still southerly along the westerly line of Broad Street forming an angle of 183 degrees 02 minutes 25 seconds on its westerly side with the preceding course, 41 feet 5 1/4 inches;
THENCE westerly along a line forming an angle of 89 degrees 51 minutes 10 seconds on its northerly side with the preceding course and through an old party wall 84 feet 5 ¼ inches;

THENCE still westerly along a line forming an angle of 186 degrees 20 minutes 40 seconds on its southerly side with the preceding course and part of the way through said old party wall, 74 feet 3½ inches to easterly line of New Street; and

Thence northerly along the easterly line of New Street, 126 feet 4 7/8 inches to the point or place of BEGINNING.

TOGETHER WITH the benefits of that certain Air Shaft Agreement made by and among Broad Street Realty, Inc., as former owner of the Land, Dixon International Holdings (U.S.A.), Inc. and Tulabro Realty Corporation N.V. and Carlyle Real Estate Limited Partnership XI, dated May 25, 1982, recorded June 3, 1982 in Reel 624 Page 1610, as modified by Modification of Air Shaft Agreement made by and among Broad Street Realty, Inc., Dixon International Holdings (U.S.A.), Inc. and Tulabro Realty Corporation N.V. and Mazal American Partners, dated as of September 12, 1985, recorded October 22, 1985 in Reel 974 Page 1715.

16-13534-mg    Doc 68-1    Filed 01/02/19    Entered 01/02/19 14:51:48    Exhibit A-Order and Judgment of Foreclosure and Sale    Pg 13 of 16

FILED: NEW YORK COUNTY CLERK 10/26/2018 02:05 PM                            INDEX NO. 850252/2017
NYSCEF DOC. NO. 30                                                          RECEIVED NYSCEF: 10/26/2018

Premises known as: 40 Broad Street, Unit 20A, New York, NY 10004

Known and designated on the tax map of New York County as: 40 Broad Street, Unit 20A, New York, NY 10004

District
Section
Block 24
Lot 1069

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK                                              NYSCEF
---------------------------------------------------------------x
40 Broad Street Portfolio, LLC,

                Plaintiff,                Index No. 850252/2017
                                                                IA Part 36
—against—                                                       (Hon. Doris Ling-Cohan)

LM Realty 20A, LLC,                                             **AFFIRMATION**
Board of Managers of The Setai Condominium
Residences at 40 Broad Street,
New York State Department of Taxation and Finance,
and "JOHN DOE #1" through "JOHN DOE #12," the last              MORTGAGED
twelve names being fictitious and unknown to plaintiff,         PREMISES:
the persons or parties intended being the tenants,
occupants, persons or corporations, if any, having or           40 Broad Street
claiming an interest in or lien upon the premises,              Unit 20A
described in the complaint,                                     New York, NY 10004

                Defendants.                 Block 24 Lot 1069
---------------------------------------------------------------x

    SCOTT A. ZILUCK, an attorney duly admitted to practice before the courts of the State of New York, who is not a party to this action, hereby affirms under penalty of perjury:

    1.    I am of counsel to the law firm Halperin Battaglia Benzija, LLP, attorneys for plaintiff, 40 Broad Street Portfolio, LLC, in this foreclosure action ("K+N"). As such, I am familiar with the facts, circumstances, pleadings and prior proceedings had herein.

    2.    Plaintiff hereby waives an award of costs and disbursements in connection with entry of a judgment of foreclosure and sale, in accordance with the Court's Decision of February 6, 2018, and Plaintiff's Proposed Order and Judgment of Foreclosure and Sale, filed on February 14, 2018.

16-13534-mg    Doc 68-1    Filed 01/02/19    Entered 01/02/19 14:51:48    Exhibit A-Order
and Judgment of Foreclosure and Sale    Pg 15 of 16

FILED: NEW YORK COUNTY CLERK 10/26/2018 02:05 PM    INDEX NO. 850252/2017
NYSCEF DOC. NO. 30    RECEIVED NYSCEF: 10/26/2018

Dated: New York, New York
October 16, 2018

                    HALPERIN BATTAGLIA BENZIJA, LLP
                    *Attorneys for Plaintiff*

                    By:   */s/ Scott A. Ziluck*
                           Andrew P. Saulitis
                           Scott A. Ziluck, Esq.
                           40 Wall Street, 37th Floor
                           New York, NY 10005
                           (212)765-9100
                           apslaw@msn.com
                           sziluck@halperinlaw.net

                                      FILED
                                 OCT 2 6 2018

                           COUNTY CLERK'S OFFICE
                               NEW YORK

16-13534-mg    Doc 68-1    Filed 01/02/19    Entered 01/02/19 14:51:48    Exhibit A-Order
and Judgment of Foreclosure and Sale    Pg 16 of 16

FILED: NEW YORK COUNTY CLERK 10/26/2018 02:05 PM         INDEX NO. 850252/2017
NYSCEF DOC. NO. 30                                        RECEIVED NYSCEF: 10/26/2018

HALPERIN BATTAGLIA BENZIJA, LLP
*Attorneys for Plaintiff*

40 Wall Street-37th Floor
New York, New York 10005
(212) 765-9100

850252/17

JudgmenT

**FILED**
OCT 26 2018
AT 2:03 P M
N.Y., CO. CLK'S OFFICE