**UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK**

---------------------------------------------------------------x

In re:

    **LARISA MARKUS,**

        Debtor in a Foreign Proceeding.

Chapter 15

Case No. 19-10096 (MG)

---------------------------------------------------------------x

In re:

    **FOREIGN ECONOMIC INDUSTRIAL BANK LIMITED, "VNESHPROMBANK" LTD.,**

        Debtor in a Foreign Proceeding.

Chapter 15

Case No. 16-13534 (MG)

---------------------------------------------------------------x

    **YURI ROZHKOV AND THE STATE CORPORATION "DEPOSIT INSURANCE AGENCY,"**

        Plaintiffs,

        v.

    **LARMAR FOUNDATION; ILYA BYKOV; BG ATLANTIC, INC.; LM REALTY 31B, LLC; LM REALTY 27D, LLC; LM REALTY 24C, LLC; LM REALTY 23H, LLC; LM REALTY 20A, LLC; LM REALTY 18 WEST, LLC; LM REALTY 10C, LLC; LM PROPERTY MANAGEMENT LLC; INNOVATIVE CONSTRUCTION GROUP, INC.; FIRST INTEGRATED CONSTRUCTION, INC.; AND LARISA MARKUS,**

        Defendants.

Adv. Pro. Case No. 19-01413 (MG)

---------------------------------------------------------------x

    **YURI ROZHKOV AND THE STATE CORPORATION "DEPOSIT INSURANCE AGENCY,"**

Adv. Pro. Case No. 19-01414 (MG)

Plaintiffs,

v.

**LARMAR FOUNDATION; ILYA BYKOV; BG ATLANTIC, INC.; LM REALTY 31B, LLC; LM REALTY 27D, LLC; LM REALTY 24C, LLC; LM REALTY 23H, LLC; LM REALTY 20A, LLC; LM REALTY 18 WEST, LLC; LM REALTY 10C, LLC; LM PROPERTY MANAGEMENT LLC; INNOVATIVE CONSTRUCTION GROUP, INC.; FIRST INTEGRATED CONSTRUCTION, INC.; AND LARISA MARKUS,**

Defendants.

----------------------------------------------------------------x

## ORDER APPROVING THE FOREIGN REPRESENTATIVES' MOTION TO APPROVE THE SETTLEMENT AGREEMENT AND RELATED SERVICES AGREEMENT

Upon the motion dated August 24, 2021 [ECF Doc. # 372, Case No. 19-10096; ECF Doc. # 273, Case No. 16-13534; ECF Doc. # 42, Case No. 19-01413; ECF Doc. # 41, Case No. 19-01414] (the "**Motion**")[1] of Yuri Vladimirovich Rozhkov, the trustee and foreign representative (the "**Markus FR**") of the foreign debtor Larisa Markus, and the State Corporation "Deposit Insurance Agency," the trustee and foreign representative (the "**Bank FR**") of the Foreign Economic Industrial Bank Limited, Vneshprombank Ltd. and the largest creditor in Larisa Markus's Russian insolvency proceeding, seeking entry of an order approving the (i) Settlement Agreement attached to the Motion as Exhibit B and (ii) related Services Agreement attached to the Motion as Exhibit C, under 11 U.S.C. §§ 105(a), 363(b), 1509(b), 1521(a)(7) and (b), 1522(a) and (c); Rules 2002(a)(3), 9014, and 9019(a) of the Federal Rules of Bankruptcy Procedure (the "**Federal Rules**"); and Rules 9006-1 and 9014-1 of the Local Bankruptcy Rules for the Southern District of New York (the "**Local Rules**"); and upon the Declaration of Ilya Bykov [ECF Doc. #

---

[1]    Capitalized terms not defined herein have the meanings given to them in the Motion.

373, Case No. 19-10096; ECF Doc. # 274, Case No. 16-13534; ECF Doc. # 43, Case No. 19-01413; ECF Doc. # 42, Case No. 19-01414] (the "**Bykov Declaration**") that was filed in support of the Motion; and the Court having jurisdiction to consider the Motion under 28 U.S.C. §§ 157 and 1334 and 11 U.S.C. §§ 1509(b) and 1521(a)(7); and this Motion being a core proceeding under 28 U.S.C. § 157(b)(1); and venue being proper in this Court under 28 U.S.C. §§ 1409 and 1410; and the Court having reviewed and considered the Motion and the Bykov Declaration; and approval of the Motion being within the Court's sound discretion; and it appearing from the affidavits of service filed in this case that the Markus FR provided reasonable notice of the Motion under the circumstances; and the Court having determined that no other or further notice of the Motion is required; and all interested parties having been afforded an opportunity to be heard at the hearing held on September 28, 2021 at 10:00 a.m; and after due deliberation and sufficient cause appearing therefore; it is hereby

**ORDERED** that the Motion is granted; and it is further

**ORDERED** that the Settlement Agreement is approved, and all Parties (as that term is defined in the Settlement Agreement) are bound by the terms of the Settlement Agreement and are authorized to take any and all actions necessary to implement the terms of the Settlement Agreement without the need for further approval or notice; and it is further

**ORDERED** that the Services Agreement is approved, and that the parties to the agreement, Yuri Rozhkov and Avenir Realty Inc. ("**Avenir**"), are authorized to take any and all actions necessary to implement the terms of the Services Agreement including, without limitation, the management, marketing, and the liquidation of the assets owned and/or controlled by Markus and/or the LM Entities located in the United States; and it is further

**ORDERED** that the automatic stay under sections 1520(a) and 362(a) of the Bankruptcy Code is modified to the extent necessary to effect the terms set forth in each of the Settlement Agreement and the Services Agreement; and it is further

**ORDERED** that notwithstanding anything in the Settlement Agreement or this Order to the contrary, HSBC Bank USA, N.A. may continue to prosecute the 31B Foreclosure Proceedings (as such term is defined in the Settlement Agreement); and it is further

**ORDERED** that the Markus FR agrees that Richards Kibbe & Orbe LLP and its successors ("**RKO**") are relieved from their obligations with respect to the preservation of files and communications related to the above-captioned proceedings and the freezing of certain retainer funds received by RKO as set forth in its Statement in Support of its Motion to Withdraw as Counsel of Record [ECF Doc. # 119, Case No. 19-10096; ECF Doc. # 134, Case No. 16-13534] and the Order Granting Motion of Richards Kibbe & Orbe LLP to Withdraw as Counsel of Record Pursuant to Local Bankruptcy Rule 2090-1 [ECF Doc. # 135, Case No. 19-10096; ECF Doc. # 144, Case No. 16-13534], but such agreement is without prejudice to the Markus FR's rights, if any, to seek recovery of such retainer funds at a later date; and it is further

**ORDERED** that all funds that are required to be transferred to the Markus FR or his escrow agent, Marks & Sokolov, LLC, under the Settlement Agreement shall be transferred to Benaur Law LLC, as successor escrow agent for the Markus FR to be held in escrow for the benefit of the Markus FR pending further order of the Court; and it is further

**ORDERED** that notwithstanding anything to the contrary in the Bankruptcy Code, the Federal Rules, the Local Rules, the United States Trustee Guidelines for Reviewing Applications for Compensation and Reimbursement of Expenses Filed Under 11 U.S.C. § 330 ("**Fee Guidelines**") and any order of this Court, Avenir and A&I Broadway Realty Inc., and each of their

representatives, shall be excused from: (a) any requirement to file any fee application in respect of the Fees, (b) any requirement to maintain or provide detailed time records for the services rendered by Avenir or A&I, and (c) any other information requirements relating to compensation requests set forth in the Fee Guidelines; and it is further

**ORDERED** that this Court shall retain jurisdiction to enforce this Order and to hear and determine any disputes related to this Order.

**IT IS SO ORDERED.**

Dated: October 7, 2021
       New York, New York

                                                **/s/ Martin Glenn**
                                                MARTIN GLENN
                                        United States Bankruptcy Judge